NATIONAL CASKET CO. v. STOLTS.

(Circuit Court of Appeals, Second Circuit.  November 7, 1907.)

No. 121.

PATENTS—PRIOR USE—FACE PLATES FOR BURIAL CASKETS.

The Hamilton patent, No. 619,567, for a face plate for burial caskets, consisting of "a stretched sheet of transparent nonbrittle gauze fabric," *held* void for prior use on evidence establishing beyond reasonable doubt that such face plates of cotton and silk illusion had in numerous instances been used many years before the application for the patent was filed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal from a decree of the Circuit Court for the Southern District of New York, sustaining the validity of letters patent No. 619,567 and granting an injunction and accounting. An action was commenced on this patent several years ago by the complainant against J. W. Stolts and the Circuit Court dismissed the bill, holding the patent void for lack of novelty and invention. 127 Fed. 159. On appeal to this court the decree was affirmed on the ground that no act of infringement by the defendant, in his individual capacity, was proved. 135 Fed. 534, 68 C. C. A. 84. Thereafter the present action was brought against Julius W. Stolts, as president and treasurer of J. & W. Stolts, an unincorporated joint-stock association.

The opinion of the Circuit Court in the suit at bar is reported in 153 Fed. 765.

Arthur v. Briesen and G. W. Wickersham, for appellant.

C. H. Duell, and F. S. Warfield, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge.  The patent has been so thoroughly discussed in all its aspects in the opinions heretofore delivered that it is unnecessary to review the testimony at length.  Any one interested in the subject will find the salient features of the prior art, as it existed in the suit pending before Judge Hazel, described in his opinion together with a succinct statement of his reasons for holding the patent invalid.  The opinion of Judge Ray presents the argument in favor of patentability briefly and clearly.

We are convinced that the evidence of prior use, presented for the first time in the case at bar, establishes the invalidity of the Hamilton patent.  The claim is as follows:

"The combination with a burial casket, of a face-plate comprising a stretched sheet of transparent non-brittle gauze fabric."

The material may be "some comparatively transparent yielding non-brittle fabric, such as silk or wire gauze."  The cover of the casket may be of any ordinary form and the face-plate may be attached to the cover by a sliding connection or otherwise.  It is manifest, therefore, that a face-plate of transparent non-brittle gauze fabric, whether of silk, cotton or wire, irrespective of the color of the fabric, the fineness of the mesh or the method of attachment, will infringe the claim, and such a structure, if found in the prior art, will anticipate.

Charles H. Magie, Charles Sutton, Knut Nelson, Aaron B. Riggins, William H. Estwick, Lottie Hallock, John D. Ripson and others, testify

to having seen such structures long prior to the date of the application. Although the record in the former suit is not before us, it would seem that this testimony was taken for the first time in the present action. We understand the appellant's brief so to state, and the dates when the above named witnesses were sworn were, in each instance, subsequent to the former decision. It is unnecessary to review this testimony in its entirety, as that of Aaron B. Riggins clearly presents the prior use by Taylor & Co. which will serve as a sufficient illustration.

Riggins was sworn March 29, 1906. He was then 48 years old and his business was that of sexton of the Marble Collegiate Church, Fifth avenue, New York. He was also an undertaker, having been in that business over 20 years. He was first employed by Taylor & Co. in 1886 and remained till 1903. From 1886 to 1892 Taylor & Co. occasionally used illusion as a face covering. It was used by being tacked at one end and laid over the opening in the casket, and, occasionally it was tacked all the way over the opening. The illusion used was black and white, cotton and silk. The caskets in which black silk illusion was stretched over the face opening and tacked all around were elliptic end caskets, three quarters of the frame being cut out. The cover was not in one piece but was cut through. The black silk illusion was drawn as perfectly smooth as it could be and was tacked all around, over the opening. This was done many times between 1886 and 1892. A small model, consisting of an infant's casket which is clearly within the claim, was presented to the witness and he testified that it showed the illusion tacked over the face opening, head, end and both sides, as in the caskets he had prepared from 1886 to 1892. The witness was subjected to a long and able cross-examination but we are unable to find that his testimony was shaken in any important particular. Unquestionably he swears to numerous instances of prior use. The question for us to determine is, are we warranted in rejecting his testimony as perjury; for there seems to be no middle course. We are clearly of the opinion that such a rejection would be unjustifiable for the following reasons:

First: The witness is a man occupying an important position in which mendacity would not be countenanced, and, so far as the record shows there is no stain upon his character.

Second: He is in the prime of life, of sound mind and memory, and, therefore, likely to remember the important details of a business in which he has been engaged for over twenty years.

Third: He was a disinterested witness and when he imparted to Mr. Taylor his knowledge of the use of illusion as a face-plate in the past, he did not know of the pendency of this action.

Fourth: In view of the undisputed fact that long prior to the patent silk illusion, or veiling, had been tacked at the head of the casket and laid loosely over the face and upper part of the body, it does not appear at all extraordinary that, when occasion arose, the tacking should have extended to the sides and end; it seems the natural thing to have done.

Fifth: This is not the case, which so frequently occurs, where a witness, having no knowledge of the art in question, testifies as to the minute details of a complicated machine or a complex chemical process,

which he saw years before. We are now dealing with a witness, concededly familiar with the art, who narrates acts of his own, so simple in character that he can hardly be mistaken regarding them. A carpenter's description of a compound wound dynamo seen by him ten years before might well be received with grains of allowance, but if the question were whether a bookcase built by him at that time was provided with glass doors or curtains, his statement would probably be received without cavil. So it would seem that an undertaker who swears that he tacked silk illusion in a casket as a face-plate, cannot be laboring under a misapprehension. Either the face-plate was attached as he testifies or he is guilty of a deliberate falsehood. As before stated, we regard the latter supposition as an impossible alternative.

Sixth: Riggins is corroborated by a number of witnesses whose testimony though relating to different instances is, substantially, to the same effect as his.

Seventh: The only criticism of his testimony found in complainant's brief is, that he was unable to state definitely how the weave of the illusion used by him compared with that used by the complainant—a sample being shown him. He answered: "I could not testify that it was as fine a weave as that." We believe Riggins to be an honest truthful man, and we cannot resist the conclusion that the defense of prior use has been proved beyond a reasonable doubt.

It follows that the decree is reversed with costs and the cause is remanded to the Circuit Court with instructions to dismiss the bill.