414

KASER PROCESS PIE CO. et al. v. PIE
BAKERIES OF AMERICA, Inc.

No. 8954.

District Court, N. D. Illinois, E. D.
June 5, 1931.

Williams, Bradbury, McCaleb & Hinkle,
of Chicago, Ill., for plaintiffs.

Haight, Adcock, Banning & Fathchild
and Latimer & Donovan, all of Chicago, Ill.,
for defendant.

LINDLEY, District Judge.

Plaintiffs, owner and exclusive licensee of
letters patent 1,624,490 to Kaser, granted
April 12, 1927, applied for December 10,
1925, complain of infringement thereof by
defendant, who in turn asserts invalidity
first upon the face of the patent, second, be-
cause of anticipation in prior use and pub-
lications, and, third, for complete failure of
invention.

The patent covers a process for making
pies, and claim 3 here relied upon is as fol-
lows: "The hereindescribed method of mak-
ing a pie which consists in extracting juice
with sugar from a fruit filler, baking the
filler within an enclosing crust, and thereaft-
er supplying the extracted juice to the filler."
In his specifications Kaser discloses that he
was endeavoring to make juicy fruit pies,
reducing to a minimum the loss of juice and
preventing its running over the crust during
baking or out of the baking container into
the oven. The file wrapper discloses state-
ments by the applicant to the effect that it is
"common knowledge that the treatment of

cut up fruit or berries with sugar and allow-
ed to stand for a period of time, will result
in the formation of syrups and the with-
drawal of a considerable portion of the juices
from the fruit. Heating or partial cooking
of the fruit filler will accomplish this result
also. These are facts which are probably
known to every housewife." In affidavits
filed in support of a petition for early is-
suance and remarks of applicant concerning
same it appears that the insertion of juice
in the pie was relied upon as creating novel-
ty, and that the removal and preparation of
juice previous to baking was recognized as
old. Claim 2, rejected by the Commissioner,
in which rejection Kaser acquiesced, em-
braced only the two steps remaining after
excluding the preparation of the juice. In
view of the fact that claim 3 included only
the additional element recognized as old, the
situation is strongly persuasive that the claim
is invalid upon the face of the file wrapper
contents.

However, there is further persuasive evi-
dence of invalidity in the prior publications.
In 1900, James, in describing baking of fruit
pies suggested "reserve the juice, boil it with
sugar and a little flour, and put it into the
pie after baking." If extraction of juice
was known to every housewife, as stated in
the file wrapper, James apparently is a com-
plete anticipation. In 1759, 1784, 1886,
1894, and at various dates later, but prior to
the filing of the application for the patent
herein involved, various culinary experts,
striving to achieve succulent pies of the
proverbial quality "such as mother used to
make," provided for the making of a broth
from the carcass of a bird or from other
stock, retaining the same until after baking,
and then inserting the same in game or meat
pies after baking; for preparation of syrups
or juices, retention until after baking, and
insertion of same into the fruit pies. Some
of them suggested lifting the crust, others
a hole in the crust, for the insertion of the
broth, juice, or syrup. At least ten such
prior publications are convincing of the con-
clusion that, if no one thereof completely
anticipated everything Kaser suggested, their
teaching is such that Kaser, delving in the
art, charged with knowledge thereof, did not
achieve invention, but only the results of the
ordinary culinary workman exercising such
skill as comes to the normally endowed fe-
male of domestic tastes. In Ohmer Fare
Register Co. v. Ohmer, 238 F. 182, 186 (C.
C. A. 6) the court made the following per-
tinent remarks: "We are cited to no refer-

ence in the prior art fully anticipating the patent in suit. But we are considering the scope of invention, not anticipation; and in such inquiry the question is one of fact, taking into account the entire prior art, whether the advance made in the given case amounts to invention or only mechanical skill. Herman v. Youngstown Co. (C. C. A. 6) 191 F. 579, 112 C. C. A. 185; Ferro Concrete Co. v. Concrete Steel Co. (C. C. A. 6) 206 F. 666, 668, 124 C. C. A. 466; Ft. Pitt Co. v. I. & M. Mfg. Co. (C. C. A. 6) 232 F. 871, 875, 147 C. C. A. 65.

In addition to the prior publications there was extensive evidence of prior use. Numerous witnesses testified as to prior use of Kaser's methods in San Francisco, where Kaser formerly lived, over a period beginning in 1919 and extending to approximately the time of filing of Kaser's application. Six of these testified as to the manufacture and commercial sale of apple pies by Olden in 1919, by extracting juice from the apples by covering them with sugar, baking the apples, minus the juice thus extracted, between two crusts, boiling the juice and inserting the same in the baked pie through a hole in the top crust. Defendant offered in evidence a wooden bowl, identified as one used by Vogler in extracting the juice, which was drained by a faucet therein. Olden's place of business was within a block of Kaser's place in San Francisco. Fourteen witnesses testified as to similar manufacture and sale by the Rich Pie Company during 1922, 1923, and thereafter. Two witnesses testified that one Dragon made by the same method and sold apple pies as early as 1915 and as late as 1921. Others testified as to similar manufacture and sale by the A-1 Bakery in July and August, 1924; by Paul Vogler in November, 1924, and by Harriss Bros., predecessor of defendant, in October, 1923. There was also corroborating evidence in written documents and physical exhibits.

True it is that parol testimony as to prior use is rightfully criticized. Human recollection is not always dependable and is frequently colored by human interest. Consequently, when dealing with dates, or details of a complicated structure, looking backward, such testimony meets with reluctance upon the part of the courts, to be willing to adjudicate important issues by reliance thereon. But in the case before us, the witnesses were familiar with the art; the process was a comparatively simple one; the steps distinctive and well defined, and, with certain exceptions, the witnesses were apparently without interest. The pies were made as they stated, or the witnesses deliberately falsified. I find nothing in the record to warrant me in finding that all thirty-two witnesses upon prior use testified falsely. The process being simple, the testimony clear and satisfactory, the parol evidence submitted is clearly sufficient to support the contention of extensive prior use. Hobbs Patent Co. v. Atlas Specialty Co., 244 F. 176 (C. C. A. 7); James Clark, Jr., Electric Co. v. U. S. Electrical Tool Co., 245 F. 753 (C. C. A. 7); American Roll-Paper Co. v. Weston, 59 F. 147 (C. C. A. 6); National Casket Co. v. Stolts, 157 F. 392 (C. C. A. 2); Sipp Electric Co. v. Atwood-Morrison Co., 142 F. 149 (C. C. A. 3); Grupe Co. v. Geiger, 215 F. 110 (C. C. A. 8).

In rebuttal plaintiffs sought to carry back the date of Kaser's alleged invention by showing his prior use in January, 1924. Without deciding the efficacy of the evidence to establish these facts, I observe that all the prior uses discussed, other than that of Vogler and the A-1 Bakery, were earlier than the use claimed by Kaser in January, 1924.

Kaser's pies met with commercial success, and, were this a doubtful case, that fact might throw the balance in plaintiff's favor. But where the convictions of the court from evidence other than that of success are free of doubt, evidence of the latter character cannot be accepted as the sole criterion of whether invention was achieved. Duer v. Corbin Cabinet Lock Co., 149 U. S. 216, 13 S. Ct. 850, 37 L. Ed. 707. In Hewes v. Deiches, 24 F.(2d) 503, 505 (C. C. A. 7) Judge Evans said: "Likewise appellants persuasively argue that the great commercial success which attended the appearance of their bow should resolve any doubt in their favor. We have not overlooked this argument but commercial success cannot create the doubt *as well as resolve a doubtful case in favor of the patentee.*" (Italics, the court's.) Certiorari denied 278 U. S. 601, 49 S. Ct. 9, 73 L. Ed. 529. See, also, Judge Alschuler's opinion in Piston Ring Co. v. Burd High Compression Ring Co., 276 F. 357 (C. C. A. 7).

In view of what has been said, it follows that, if the claim is not invalid upon its face, prior use and prior publications anticipate, and an examination of all the prior publications is conclusive of the proposition that Kaser did not achieve invention. The bill will be dismissed for want of equity at plaintiffs' cost.

The foregoing memorandum is adopted by the court as its findings of fact and conclusions of law herein.