SOUTHERN SHIPYARD CORPORATION v. THE TUGBOAT SUMMITT, Inc.

(Circuit Court of Appeals, Fourth Circuit. November 15, 1923.)

No. 2131.

1. Trial ☞367—Judge may not decide case on personal knowledge, but may weigh evidence in light of knowledge.

A judge may not decide a case on his personal knowledge of particular facts affecting the issue, but in passing on the issues of fact judges as well as jurors must weigh conflicting evidence in the light of their general personal observation and the knowledge of the subject-matter.

2. Evidence ☞543(1)—Engineer in shipyards held qualified to judge of value of repair work.

Experience for many years as an engineer and repairman in shipyards qualified one to judge of the value of the work and material used in repairing a tugboat, though he had never been officially charged with fixing contract prices.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Libel in admiralty by the Southern Shipyard Corporation against the tugboat Summitt, wherein the Tugboat Summitt, Inc., intervened as claimant and owner. From a decree deemed insufficient, libelant appeals. Affirmed.

Edward R. Baird, Jr., of Norfolk, Va. (R. M. Lett, of Newport News, Va., and Baird, White & Lanning, of Norfolk, Va., on the brief), for appellant.

Allan D. Jones, of Newport News, Va., for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. Southern Shipyard Corporation libeled the tugboat Summitt for a repair bill, claiming a lien for $6,789.93. The Tugboat Summitt, Incorporated, intervened as claimant and owner. The answer set up a contract by the libelant to do the work for a charge not exceeding $3,200, alleged that the work done and material furnished was not reasonably worth more than $3,200, and admitted

indebtedness to the libelant for that amount, less a credit of $200 for services rendered by the tug. The libelant tendered on the trial a statement of labor and material aggregating $6,625.73. Of this amount the total of charges for labor was $4,260.84. In support of the account, the officers and employees of libelant corporation testified that the labor was actually performed and paid for as stated in the account, that all of the material charged was actually used, and that all of the charges were reasonable and fair. The material witness for the respondent was Alex Brebnar, a marine engineer, who had long experience in the engineer and repair department of shipyards, but was not experienced in fixing contract prices. After the dispute arose, Brebnar, at the request of the respondent, made a careful survey of the tugboat, and estimated in detail the cost of the labor and material requisite for the work. He testified from his examination that the work and labor should have cost $2,770, and that to this should be added a fair profit. The District Judge accepted this estimate, and allowed $2,770, with 25 per cent. thereof as profit.

[1, 2] The appeal rests solely on the position that the District Judge decided the issue on what he stated to be his own knowledge, and not on the testimony of witnesses. A judge may not decide a case on his personal knowledge of particular facts, affecting the issue; but in passing on the issues of fact judges as well as jurors must weigh conflicting evidence in the light of their general personal observation and knowledge of the subject-matter. Nothing more than this was done here. The evidence as to the value of the labor and of the material was conflicting, and the District Judge accepted testimony of the expert witness for the respondent, because in his view the estimates of that witness were reasonable. He rejected the testimony of the witnesses for the libelant that the charges for labor and material were actually made and were reasonable, because in his view they were extortionate. There is no cause to charge error of law in taking the testimony of Brebnar as an expert. His experience for many years as an engineer and repair man in shipyards qualified him to judge of the value of the work and material, although he had never been officially charged with fixing contract prices.

The decree of the District Court, being well founded in the evidence, cannot be disturbed here.

Affirmed.