## CONTINENTAL NAT. BANK OF JACKSON COUNTY et al. v. HOLLAND BANKING CO. et al.

### No. 9004.

Circuit Court of Appeals, Eighth Circuit.

May 16, 1931.

George L. Edwards, of Kansas City, Mo. (Bowersock, Fizzell & Rhodes, Henry L. Jost, Ryland, Stinson, Mag & Thomson, and Omar E. Robinson, all of Kansas City, Mo., on the brief), for appellants.

H. G. Leedy, of Kansas City, Mo. (Roscoe C. Patterson, of Kansas City, Mo., and Orin Patterson and Farrington & Curtis, all of Springfield, Mo., on the brief), for appellees.

Before STONE and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

WOODROUGH, District Judge.

This appeal is taken to reverse an order of the trial court appointing receiver for the Continental National Bank. The order was made in a suit brought by a judgment creditor of the bank in the nature of a creditor's bill to enforce the judgment against the bank's assets and to recover against the shareholders on their liability for any deficiency. The bank had discontinued its ordinary business and turned its assets over to a committee of its own shareholders for voluntary liquidation before the plaintiff's judgment was obtained, and the members of the committee as well as the bank and its shareholders were all made parties defendant in the bill. The application for the appointment of receiver was heard upon the verified bill and the objections to the appointment of receiver, and there was some colloquy between the court and counsel. No complete record of the proceedings had on the application for the appointment of receiver has been certified to us by the trial judge.

It appeared to the trial judge from the pleadings and the admissions of the parties that the plaintiff had a judgment against the bank from which the bank had appealed to the Supreme Court of Missouri, and that court had affirmed the judgment; that the assets in the hands of the shareholders' committee were insufficient to pay the judgment and interest; that the directors of the bank and the liquidating committee were denying the validity of the judgment and refusing to recognize it, and some assets of the bank had been liquidated and paid to shareholders with full knowledge of the existence of the plaintiff's claims. There were strenuous denials that the shareholders' committee had been guilty of any mismanagement of their trust, and it was urged that they were the ones best qualified to carry out the liquidation. A principal contention was further that the judgment of the plaintiff had been obtained by fraud and was void.

We think the trial court in passing upon the propriety of appointing receiver rightly indulged the presumption that the plaintiff's judgment was valid [Brictson Mfg. Co. v. Close (C. C. A.) 25 F.(2d) 794], that it rightly considered the bank's liquidating committee to be in the position of trustees for the creditors, and that the action of the committee in liquidating assets and paying dividends to shareholders when the assets were insufficient to pay the judgment and interest justified appointing a receiver. The order to impound the bank's assets in the hands of receiver pendente lite was clearly within the court's jurisdiction and in the exercise of sound discretion. Adequate security was exacted, and there was no error.

After receiver was appointed, the defendant bank and its liquidating committee objected to the person selected on the ground of interest. The court stated he would defer consideration of that objection until determination of this appeal. It appears that Mr. John E. Cahill, named by the court to be receiver, is a deputy finance commissioner of the state of Missouri in charge of liquidation of the judgment creditor plaintiff, and is identified with and assisting the plaintiff in this litigation. It would seem, therefore, that in his official position he has an interest in the litigation, and that some other suitable and wholly disinterested person should be appointed by the trial court.

Order for receiver is affirmed.