**MEADOWS v. CHESHIRE et al.**

**DAVISON CHEMICAL CO. v. E. H. & J. A. MEADOWS CO.**

No. 3270.

Circuit Court of Appeals, Fourth Circuit.

April 29, 1932.

W. B. R. Guion and R. E. Whitehurst, both of New Bern, N. C., for appellant.

Joseph B. Cheshire, Jr., of Raleigh, N. C., and Julius F. Duncan, of Beaufort, N. C., for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal from an order disallowing the claim of one E. H. Meadows for expenditures incurred by him as a trustee, filed with the receivers appointed for the E. H. & J. A. Meadows Company by the court below in the suit of the Davison Chemical Company against E. H. & J. A. Meadows Company. The district judge did not find the facts with regard to the claim of Meadows nor state his conclusions of law with regard thereto, as required by equity rule 70½; and it is impossible for this court to review the order with any understanding of the grounds upon which the court acted. The case will be remanded, therefore, in order that the judge may, in compliance with the rule, find the facts and set forth his conclusions of law.

It is argued that the action of the court should be affirmed because it appears from the record that the claim was not properly filed within the time allowed, and also because it does not appear that the expenditures for which claim was filed were not made by claimant with the approval of his cotrustees. Neither of these contentions can be sustained. The record shows that the claim was filed within the time allowed; and, although it was not verified, it was accepted by the receivers without protest and was passed upon by them and by the court. At the hearing before the receivers, the claimant offered to verify the claim. Under such

circumstances, we do not think that the claim should be rejected upon the ground that it was not verified when filed. On the other point, the claim for expenditures made by a trustee for the preservation of trust property should not be rejected merely because other trustees did not authorize the expenditures. If the court finds that they were reasonable, that they were made in good faith, and that they inured to the benefit of the trust estate, the trustee making them is entitled to reimbursement. The case is remanded in order that the District Court may pass upon these matters and find the facts with regard thereto. The costs on this appeal will be divided.

Remanded.