See, also, 43 F.(2d) 640; Continental Nat. Bank v. Holland Banking Co., 50 F. (2d) 19; 9 F. Supp. 988.

Farrington & Curtis, of Springfield, Mo., for plaintiff.

George L. Edwards, of Kansas City, Mo., for defendants.

REEVES, District Judge.

The claimant seeks compensation for services rendered by him to the liquidating committee of the Continental National Bank of Jackson county. This was a national bank, and because of financial difficulties made an arrangement in the fall of 1922 to liquidate.

By this arrangement, its principal liabilities were assumed by the Continental National Bank & Trust Company of Kansas City. It was not deemed essential by the comptroller of the currency to appoint a receiver, and the stockholders of the liquidating corporation undertook to convert the remaining assets into cash, discharge miscellaneous claims, and distribute the surplus in the hands of the liquidating committee to the stockholders.

## HOLLAND BANKING CO. et al. v. CONTINENTAL NAT. BANK OF JACKSON COUNTY, KANSAS CITY, MO., et al.

### No. 1481.

District Court, W. D. Missouri, W. D.

Dec. 30, 1933.

During all of this time a claim was being asserted by the plaintiff. Such claim resulted in litigation and the recovery of a final judgment against the defendant bank. After said judgment had been affirmed by the Supreme Court of the state of Missouri, 324 Mo. 1, 22 S.W.(2d) 821, the defendant bank, acting through its liquidating committee, refused to recognize said judgment and suit in the nature of a creditors' bill was instituted in this court.

Upon a hearing, a receiver was appointed for the assets of the defendant bank, over the objections and protest of the liquidating committee, and the stockholders of said bank. An appeal was taken from the order appointing a receiver. The action of the court in making such appointment was affirmed. At the same time the defendant steadily resisted the claims of plaintiff creditor upon the ground that the judgment recovered was invalid. The plaintiff prevailed, and established itself as a creditor and its judgment as valid and binding.

In all of this litigation the claimant represented the defendant bank and its liquidating committee. He asserts now that he should be compensated out of the funds in the hands of the receiver appointed by this court.

■ 1. The general rule in suits in equity, as well as in actions at law, is that the prevailing party is entitled to recover costs. This is true, unless the losing party may be able to show that equity requires a different judgment. It is not suggested in the claim that the fund was benefited by these services, or that it was protected thereby. In argument and brief, such suggestion was made.

■ It is a general principle that a trust estate must bear the expenses of its administration. This principle is so thoroughly lodged that citation of authorities is unnecessary. However, an allowance to counsel in the way of fees can only be made where his efforts have aided in creating, preserving, or protecting a fund (Buell v. Kanawha Lumber Corp. [D. C.] 201 F. 762), and such results must have been achieved by proper proceedings (Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157). Such an allowance is made upon the theory that the estate has been benefited and thereby the beneficiaries of the trust. The cases are uniform on this question. Central Trust Co. v. U. S. Light & Heating Co. (C. C. A.) 233 F. 420; Farmers' Loan & Trust Co. v.

Green (C. C. A.) 79 F. 222. 15 C. J., § 210, p. 105.

In the case at bar, the defendant bank and its liquidating committee resisted the claim of the plaintiff. It made such resistance originally in the state court where a judgment was recovered nisi prius, and then on appeal to the Supreme Court, where the judgment was affirmed. It ignored the judgment thereafter, and resisted its enforcement in this court on the ground of its invalidity. It was the losing party in all of this litigation. The results indicate that the resistance to the claim was ill advised. It would be contrary to equitable principles to make the fund respond to the claims of the losing litigant.

■ In the rather basic case of Hobbs v. McLean, 117 U. S. 567, loc. cit. 582, 6 S. Ct. 870, 877, 29 L. Ed. 940, the court announced the true doctrine, when it said:

"But where one brings adversary proceedings to take the possession of trust property from those entitled to it, in order that he may distribute it to those who claim adversely, and fails in his purpose, it has never been held, in any case brought to our notice, that such person had any right to demand reimbursement of his expenses out of the trust fund, or contribution from those whose property he sought to misappropriate."

The case at bar is the converse, so far as the proceedings are concerned. The property in question was in the hands of the defendant bank and its liquidating committee. They held it adversely to the real beneficiaries. According to the evidence, the claims of plaintiff were unwisely resisted. Moreover, the funds in the hands of the committee were unwisely and improperly disbursed. Such disbursements were made in part after the recovery of a judgment by the plaintiff in a state court. After this judgment had been affirmed by a court of last resort, there was a continuing disregard to, and a resistance of, the claim made by the plaintiff. This continued after the fund had been taken into the custody of the law. By this course of action, the estate was not benefited, but, on the contrary, it was injured. It was neither protected nor preserved, but wasted in useless and unwise litigation.

2. The theory of allowances out of a fund in court is not only that the fund was created, preserved, and protected by the services and the exertions of the claimant, but that he was acting as agent for the beneficiaries of the fund. The rule is that

the one who protects and preserves a fund will be accorded the right to compel the beneficiaries of the fund to participate in awarding him his costs, including attorney's fees. This can be facilitated by charging the fund, and the principle of agency is made to apply.

In this case, the beneficiaries of the trust are creditors. The plaintiff, being the chief and largest creditor, asserts that the claimant was not acting for it, but, on the contrary, throughout the entire course of the litigation acted adversely to its claim. Only remotely and indirectly were the stockholders, for whom the claimant was acting, interested. According to the evidence and the statement of counsel, such stockholders have no further interest in the fund, but, in all probability will be called upon by assessment to augment the fund in order to satisfy the creditors of the defendant. See Lamar v. Hall (C. C. A.) 129 F. 79.

Upon all of the authorities, the claimant would not be entitled to compensation for his services out of the fund now in court. His claim therefore will be denied.

It is so ordered.