**HOLLAND BANKING CO. et al. v. CONTINENTAL NAT. BANK OF JACKSON COUNTY, KANSAS CITY, MO., et al.**

No. 1481.

District Court, W. D. Missouri, W. D.

Feb. 10, 1934.

See, also, 9 F. Supp. 986; Edwards v. Holland Banking Co., 75 F.(2d) 713; 43 F. (2d) 640; Continental Nat. Bank v. Holland Banking Co., 50 F.(2d) 19.

Farrington & Curtis, of Springfield, Mo., for plaintiff.

George L. Edwards, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The question for consideration is the matter of an appeal from an order disallowing a claim made against the estate in receivership. The said claim having been presented on November 29, 1933, was subsequently denied. The denial of the claim was

made pursuant to a written opinion. (D. C.) 9 F. Supp. 986. This opinion dealt exclusively with legal phases of the claim asserted. The plaintiff, feeling himself aggrieved, has appealed from such decision and has presented a record, or transcript, for authentication pursuant to the requirements of Equity Rules 75 and 76 (28 USCA § 723).

Objections are made to such record upon the ground that it does not reflect the actual proceedings at the trial.

The claim was presented informally, and the question of its allowance was argued purely from a legal standpoint. Based upon these arguments and written briefs submitted by the parties, a decision was made by the court.

The claimant now presents a record purporting to show the admission of certain facts. No reporter was present to report the proceedings, and no stipulations were filed, nor was there a formal stipulation entered into between the parties.

■ Where claims are presented in a receivership proceeding, it is not necessary for the receiver to make formal answer to such claims. The duty is upon the claimant to file his claim, and thereafter support same with evidence.

■ No evidence was taken in this case, but it is asserted by the claimant that the attitude of the parties amounted to an agreement that certain facts existed. For the purposes of the argument, it was assumed that the amount claimed was reasonable, if otherwise a legal claim against the estate. This does not belong to the class of cases or controversies submitted to the court without the employment of formal pleadings, simply upon an agreed statement of facts. Under the circumstances here present, it must partake of all of the requisites of a trial.

■ A trial is a judicial examination of the issues in an action; and, as in other cases where the facts must be proved or submitted to the court, the judge cannot assume facts not generally known, and in this regard cannot go further than a jury. Southern Shipyard Corporation v. The Tugboat Summitt, Inc. (C. C. A.) 294 F. 284.

It was essential that the claimant support the allegations of his claim with testimony, either documentary or oral. No testimony was taken, but, as stated, claimant says that there were admissions in open court.

■ It is essential to a binding stipulation that its terms be assented to by the parties, or by those representing them. Most stipulations are required to be in writing for the reason that, as stated by the authorities, it would relieve the court of the necessity of determining disputes "which it has been said are more perplexing than the case itself. The time of the court should not be taken up in controversial matters of this character."

Admittedly, in the instant case there was no formal stipulation. The whole matter was presented upon the written application and arguments.

A similar situation presented itself in Re Morris Metal Products Corporation (C. C. A.) 4 F.(2d) 1003, loc. cit. 1004. There was an informal hearing in that case, and it was asserted that the statements informally made partook of the nature of a stipulation. The trial court accepted such statements as tantamount to a stipulation between the parties. In reversing the case, the Court of Appeals, Second Circuit, said: "We cannot agree with this ruling. A 'stipulation' is an agreement between counsel respecting business before the court (36 Cyc. 1280). * * * Holding that the talk of July 11th was a stipulation or agreement was error of law."

■ In this case, the "talk" of November 29, 1933, did not partake of the nature of a stipulation, and the parties did not at the time understand or construe it to have such force or effect.

In view of the foregoing, the "record" presented will not be accepted or authenticated.