## EDWARDS v. HOLLAND BANKING CO.

### No. 10010.

Circuit Court of Appeals, Eighth Circuit.

Jan. 10, 1935.

Rehearing Denied Feb. 18, 1935.

See, also, Holland Banking Co. v. Continental Nat. Bank of Jackson County, 9 F. Supp. 988.

George L. Edwards, of Kansas City, Mo., for appellant.

Orin Patterson, of Springfield, Mo. (Farrington & Curtis, of Springfield, Mo., and H. G. Leedy, of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and BOOTH, Circuit Judges.

WOODROUGH, Circuit Judge.

The appellant, George L. Edwards, an attorney at law, seeks to reverse the decree of the District Court disallowing his claim for attorney's fees. It appears from the record that the Holland Banking Company brought a suit in the nature of a creditor's bill in the District Court for the Western District of Missouri to enforce collection of a large judgment against the Continental

National Bank, its stockholders, and its liquidating committee. Appointment of receiver was prayed and complete winding up of the Continental Bank's affairs. In the course of such creditors' suit, the bank's assets were turned over to a receiver appointed by the court [Holland Banking Co. v. Continental Nat. Bank of Jackson County (D. C.) 43 F.(2d) 640; Continental Nat. Banking Co. v. Holland Banking Co. (C. C. A.) 50 F.(2d) 19] and the validity of the Holland Bank's judgment against the Continental Bank was adjudicated [Continental Nat. Banking Co. v. Holland Banking Co. (C. C. A.) 66 F.(2d) 823]. Thereafter the trial court directed the publication of notice to creditors of the Continental National Bank requiring them to present their claims. Pursuant to that notice and within the time required, George L. Edwards filed his claim for legal services rendered to the Continental National Bank. The claim was entitled in the case as the same appeared on the docket at No. 1481 Equity and it was alleged in the claim that the "Continental National Bank and its liquidating committee" had employed the claimant to "aid them in resisting the enforcement of the judgment" of the Holland Banking Company. It was further alleged that the claimant had represented "the defendant bank and its liquidating committee" in proceedings had before the comptroller of the currency and in the long litigation in the District Court and the Circuit Court of Appeals, which culminated in the appointment of the receiver for the bank and the establishment of the validity of the Holland Bank's judgment. It was alleged that the reasonable value of Mr. Edward's services was $10,000 and that the bank and its liquidating committee had paid him approximately $2,500, and the claimant prayed "an allowance against the Continental National Bank" for the balance, $7,500.

The transcript does not disclose that any pleading or objection to the claim was filed by the bank or its receiver, but a decree was entered reciting that the claim was submitted to the court upon the pleadings and proof and in the decree the court found the issues presented by said claim against the claimant and ordered that the claim be denied in any amount. The decree was entered on December 30, 1933. On the 24th of January, 1934, Mr. Edwards presented to the trial court his assignments of error and petition for appeal from the decree and the court allowed the appeal and fixed bond. On the same day, Mr. Edwards presented to the attorneys for the plaintiff in the creditors' suit (who apparently were also the attorneys for the bank's receiver) his proposed "Statement of Procedure and Evidence" purporting to reflect the proceedings which had been had in the trial court upon the hearing of his claim.

The statement contained a blank for the approval of the attorneys for plaintiff, but they did not approve, and Mr. Edwards presented it, as in compliance with Equity Rule 75 (b), 28 USCA § 723, to the trial judge for authentication. The effect of such presentation was to call on the trial judge to certify (among other things) that on the trial of Mr. Edwards' claim neither the Continental Bank nor its liquidating committee, nor any other party than the plaintiff had interposed any defense to the allowance of the claim, and that the only defense which the plaintiff had interposed was that neither the Continental National Bank nor the assets in the hands of the receiver were liable for the payment of the claim. The judge was asked to certify further that no evidence had been offered upon the submission of the claim except that "the following facts were admitted (sic):

"(1) That the claimant was employed by the liquidating committee to resist the enforcement of the Holland Bank's judgment against the Continental Bank, and

"(2) that the reasonable value of the services rendered by claimant was in excess of the amount of his claim."

The trial court refused to approve the proposed statement of evidence and filed a written opinion on such refusal. He stated in the opinion (among other things) that "the claim was presented [on November 29, 1933] informally, and the question of its allowance was argued purely from a legal standpoint. Based upon these arguments and written briefs submitted by the parties, a decision was made by the court. * * * No evidence was taken in this case * * * there was no formal stipulation. The whole matter was presented upon the written application and arguments. * * * In this case, the 'talk' of November 29, 1933, did not partake of the nature of a stipulation, and the parties did not at the time understand or construe it to have such force or effect. In view of the foregoing, the 'record' presented will not be accepted or authenticated." Holland Banking Co. v. Continental Nat. Bank of Jackson County (D. C.) 9 F. Supp. 988.

Thereafter, in March, 1934, the trial judge did "allow and approve" and "order filed" a "Statement of the Procedure in the presentation of 'the claim" of Mr. Edwards. In such statement of procedure so approved by the trial judge it is set forth that the claim "was presented to the District Court on the 29th of November, 1933, upon the record, no testimony being offered, and upon oral argument and by written briefs." Two briefs signed by the claimant are then incorporated in the "Statement of Procedure" and a document called "Suggestions in opposition to the claim of Geo. L. Edwards," etc., which is in the nature of a brief and is signed by three attorneys who were attorneys for the Holland Bank and appear to have been attorneys for the receiver of the Continental Bank also.

The assignments of error present only the contention of Mr. Edwards that the court should have allowed his claim in the sum of at least $6,050 and that the court erred in denying it.

Appellant contends that on the trial of his claim before the District Court admissions were made orally in open court and in briefs filed with the court, establishing that the claimant had been employed by the liquidating committee of the Continental Bank to perform the legal services he performed for the bank and that the services were of reasonable value in excess of his claim. He contends further that at the time the trial court ruled upon his claim the court must have considered these admissions as having been made. Attempt is made to substantiate this contention by piecing together expressions found in an opinion filed by the trial court (Holland Banking Co. v. Continental Nat. Bank of Jackson County, 9 F. Supp. 986) and other expressions found in a brief that was filed with the trial court and in the brief of appellee in this court.

■ On appeals to this court from decrees in equity the order of the trial judge approving the statement of the evidence to be included in the record is conclusive and it is not open to the parties to question the verity of the statement approved by the trial judge's order. Where, as in this case, the statement approved by the trial court is to the effect that the claim "was presented to the District Court upon the record, no testimony being offered," it is not open to the appellant to claim that in fact it was not presented upon the record but that the court heard and took into consideration admissions made by the parties outside the record.

■ The only "record" which has been brought up on this appeal to which the trial court may have had reference is the petition in the nature of a creditors' bill which was filed against the Continental Bank, its stockholders, and liquidating committee, by the Holland Bank, and the third amended answer thereto of the Continental Bank, its stockholders, and its liquidating agents. These pleadings sufficiently reveal what the general nature of the suit was in which the claim of Mr. Edwards was presented, but they cannot answer the question whether Mr. Edwards was entitled to have an attorney's fee allowed against the Continental Bank or out of the funds in the hands of the receiver of that bank for legal services performed in proceedings before the comptroller of the currency and in the suit.

From the briefs that have been filed herein and the arguments made, we have no doubt that there was a controversy whether the attorney's services which Mr. Edwards performed in resisting the enforcement of the Holland Bank's judgment against the Continental Bank and its assets and against the Continental Bank's stockholders were performed by Mr. Edwards pursuant to any contract, express or implied, binding the Continental Bank to pay for the services.

■ But the record before us does not enable us to determine the questions presented. This is not entirely the fault of the appellant. The court below failed to comply with Equity Rule 70½ (28 USCA § 723) requiring special findings of fact and separate conclusions of law. Had there been a compliance with that rule by the court, we could, no doubt, have disposed of this appeal upon its merits. An affirmance because of the insufficiency of the record is, under the circumstances, not required. Finefrock v. Kenova Mine Car Co. (C. C. A. 4) 22 F.(2d) 627, 634; Underwood v. Commissioner of Int. Revenue (C. C. A. 4) 56 F.(2d) 67, 73; Wyant v. Caldwell (C. C. A. 4) 67 F.(2d) 374; Roosevelt v. Missouri State Life Ins. Co. (C. C. A. 8) 70 F.(2d) 939.

In the interests of justice, the case should be reheard in the court below, and the court should make complete findings of fact and conclusions of law as directed by Equity Rule 70½. If that is done, this court, upon appeal, will have a record which will enable it to pass upon the questions involved. Panama Mail S. S. Co. v. Vargas, 281 U. S. 670, 50 S. Ct. 448, 74 L. Ed. 1105; see, also, State Board of Tax Commissioners v. Jackson, 283 U. S. 527, 533, 51 S. Ct. 540, 75. L.

716

Ed. 1248, 73 A. L. R. 1464; and Meadows v. Cheshire et al., 58 F.(2d) 628.

■ Attention should also be called to the fact that, if an appeal is again taken, the receiver of the Continental Bank should be made a party to it. Lockman v. Lang (C. C. A. 8) 132 F. 1; Osage Oil & Refining Co. v. Mulber Oil Co. (C. C. A. 10) 38 F.(2d) 396; McLean v. Jaffray (C. C. A. 8) 71 F. (2d) 743.

The decree appealed from is set aside for failure of the court to comply with Equity Rule 70½, and the case is remanded for further proceedings not inconsistent with this opinion.