### HUMPHREY v. HELGERSON et al.

### HELGERSON et al. v. HUMPHREY.

Nos. 10214, 10217.

Circuit Court of Appeals, Eighth Circuit.

June 5, 1935.

P. E. Roadifer and Addison G. Kistle, both of Council Bluffs, Iowa (George S. Wright, of Council Bluffs, Iowa, on the brief), for Humphrey.

R. J. Swanson, of Red Oak, Iowa (W. C. Radcliff, of Red Oak, Iowa, on the brief), for Helgerson and others.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

PER CURIAM.

This appeal and cross-appeal have been taken from the final decree rendered in a suit in equity brought by the executrix of the will of L. E. Humphrey, deceased, against the First National Bank of Elliott, Iowa (insolvent), and its receiver.

It was admitted by the pleadings in the suit that Mr. Humphrey had turned $18,500 over to the bank of Elliott in the year 1919, and that the amount was credited to his account on the books of the bank, and there was controversy as to what, if any, obligations the bank and its receiver owed to Mr. Humphrey's executrix at the time the suit was brought in 1932. The evidence was taken before a commissioner, and thereafter an amendment to the answer was filed pursuant to stipulation of the parties, but the petition of the plaintiff was not amended. The cause was submitted to the trial court upon the pleadings, the evidence taken before the commissioner, and written briefs, the exhibits being filed a month after the other testimony and the briefs had been delivered to the court. After consideration, the trial judge filed his written opinion in the case, and thereafter entered the final decree now sought to be reviewed.

By the terms of the decree the executrix was allowed a certain sum which the receiver was ordered to pay ratably with other allowed claims out of the assets of the bank, and it was further decreed that the executrix was entitled to have the unrestricted indorsement of the bank added to and written upon certain described notes now in her possession, and provision was made that the attorneys for the executrix should write the indorsements.

All parties to the suit complain of the decree, and errors are assigned predicated upon the court's "finding and in its construction of the issues" and upon "findings" which the court is said to have made, and upon its "holdings," its "statements" and its "refusing to find and decree."

But the record shows that the trial court did not "find the facts specially and state separately its conclusions of law thereon" as it is required to do "in deciding suits in equity" under the express terms of Equity Rule 70½, 28 USCA following section 723. The decree began: "Now, on this 6th day of July, 1934, the above entitled action comes before the Court for

final decree of this Court in accordance with the Memorandum Opinion filed herein on April 7, 1934, which opinion is incorporated herein by reference and made the finding of the Court as to the matters contained therein, in accordance with such opinion." Whereas Equity Rule 71 prescribes that in drawing up decrees no prior proceeding shall be recited or stated in the decree, but such decrees shall begin, in substance, as stated in the rule.

This court has held that "the Equity Rules have the force and effect of law, and neither the District Court nor this court has power to adopt a practice inconsistent with them or to disregard their provisions." Roosevelt v. Missouri State Life Ins. Co. (C. C. A.) 70 F.(2d) 939, 945; Northwestern Mutual Life Ins. Co. v. Keith (C. C. A.) 77 F. 374.

We have had occasion heretofore to remand to the District Court for failure of that court to comply with the equity rules, Edwards v. Holland Banking Co. (C. C. A.) 75 F.(2d) 713, and in this case the propriety of so doing seems very clear. The testimony in the case reduced to narrative form extends over more than 100 printed pages and includes 130 exhibits. If the testimony of the numerous witnesses and the several exhibits had been offered before the court in the ordinary course of trials in equity, doubtless the relation of the items of evidence to the issues made by the pleadings and the admissibility or lack of it as to the several items would have been determined as the trial proceeded. But the evidence was submitted to the trial court in mass, and the opinion which the trial judge delivered upon it, including his comment upon the issues, falls short of compliance with the duty to "find facts specially and to state separately the conclusions of law thereon." Equity Rule 70½ not having been complied with in deciding the case, we cannot be certain, after careful examination of the opinion, that the facts developed by the evidence and material to the substantial issues were found by the judge. Nor can we be certain as to the conclusions of law intended to be based upon facts clearly found by him.

The decree of the District Court is reversed, and the case remanded, with directions that the parties may submit it again to the trial court with full right to make request for findings and conclusions. Rulings upon the testimony may also be requested, and the pleadings may be reconciled with the proof conformably to the equity rules if such reconciliation is required in furtherance of justice.