**STATE of Missouri ex rel. PUBLIC SERVICE COMMISSION,
Relator,**

v.

**The Honorable Don BONACKER, Circuit Judge, Greene County Circuit Court,
Respondent.**

No. 20205.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 20, 1995.

William K. Haas, Jefferson City, for relator.

Theodore L. Johnson, III, Springfield, for respondent.

FLANIGAN, Judge.

In this proceeding in prohibition, Rule 97,[1] relator is the Public Service Commission, and respondent is the Honorable Don Bonacker, Judge of the Circuit Court of Greene County, Division III. In the underlying action in the circuit court, the commission, as plaintiff, pursuant to § 393.145, sought the appointment of a receiver for a sewer system operated by defendant Joseph William Gold, d/b/a Bill Gold Investments, Inc. ("Gold"). On April 21, 1995, respondent issued an order containing the following challenged portions:

(1) The commission is appointed "receiver under [§ 393.145], with the duties and responsibilities of the receiver set forth in [§ 393.145], and in the Order of this Court entered herein on August 23, 1994," and (2) "[The commission] is ordered to pay directly to Helms Environmental Services, Inc." ("Helms"), the prior receiver, "the sum of Eighteen Thousand Dollars ($18,000.00) within 45 days and all other amounts hereafter allowed for services as receiver."

On May 9, 1995, this court entered its preliminary order in prohibition, directing respondent not to enforce the challenged portions of the April 21, 1995 order.

The commission contends that the trial court exceeded its jurisdiction in appointing the commission as receiver of the sewer system and in directing it to pay compensation to Helms in that the legislature has not authorized the commission to serve as a receiver or to pay costs of a receivership.

■ "Prohibition lies only where an act in excess of jurisdiction is clearly evidenced and where there is no adequate remedy by way of appeal." *State ex rel. Munn v. McKelvey,* 733 S.W.2d 765, 771[15] (Mo. banc 1987). For the reasons which follow, this court holds

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1994, V.A.M.S.

that the challenged portions of the trial court's order are in excess of its jurisdiction and that there is no adequate remedy by way of appeal. The preliminary order in prohibition is made absolute.

Section 393.145 reads, in pertinent part:

"1. If the commission shall determine that any sewer or water corporation having one thousand or fewer customers is unable or unwilling to provide safe and adequate service or has been actually or effectively abandoned by its owners ... the commission may petition the circuit court for an order attaching the assets of the utility and placing the utility under the control and responsibility of a receiver.

"2. The summons and petition for an order attaching the assets of the utility and appointing a receiver shall be served as in other civil cases at least five days before the return date of the summons.

"3. The court shall after hearing determine whether to grant the petition. A receiver appointed pursuant to this section shall be a responsible person, partnership, or corporation knowledgeable in the operation of utilities.

"4. The receiver shall give bond, and have the same powers and be subject to all the provisions, as far as they may be applicable, enjoined upon a receiver appointed by virtue of the law providing for suits by attachment. The receiver shall operate the utility so as to preserve the assets of the utility and to serve the best interests of its customers. The receiver shall be compensated from the assets of the utility in an amount to be determined by the court.

"5. Control of and responsibility for the utility shall remain in the receiver until the utility can, in the best interest of its customers, be returned to the owners. If the court determines after hearing that control of and responsibility for the utility should not, in the best interests of its customers, be returned to the owners, the receiver shall proceed to liquidate the assets of the utility in the manner provided by law."

On December 1, 1993, the commission filed the underlying action against Gold, who was duly served with process. On August 23, 1994, following a hearing at which Gold defaulted, the court entered judgment which included the following findings: Gold is a sewer corporation and public utility subject to the jurisdiction of the commission; Gold owns and operates a sewer system located in Greene County; the system has approximately 110 customers; Gold is unable to provide safe and adequate services to the customers of the sewer system; Helms is a responsible corporation, knowledgeable in the operation of utilities.

The judgment appointed Helms as receiver and ordered it to take control of the sewer system and its assets. Helms was ordered to manage and operate the system in compliance with the Public Service Commission law and regulations and subject to the court's supervision.

On March 29, 1995, Helms requested that it be removed as receiver. On April 19, 1995, at the hearing on the request, the commission and Helms appeared by their respective counsel. On April 21, 1995, respondent issued the challenged order, which also included the findings set forth in the following two paragraphs:

Helms has faithfully acted as receiver. The cost of the operation was greater than customer payments at the rate authorized by the commission for sewer services. The court previously ordered a sale of the sewer system to the highest bidder, but there were no bidders at the well-publicized public auction.

In November 1994, the court ordered the receiver to apply to the commission for a rate increase. "The proceeding for a rate increase is stalled. Action by [the commission] granting an increase has not been forthcoming." The court has no funds to compensate Helms or to interest a new receiver. Action by the commission on the rate increase request is not expected in time to prevent a total collapse of sewer services to individual homes and treatment of the sewage. "Com-

pliance with the regulations of the Department of Natural Resources, Division of Environmental Quality, State of Missouri requires expenditures exceeding present receipts, technical expertise and time consuming supervision." Section 393.145 requires the court to appoint a receiver knowledgeable in the operation of utilities. Helms is entitled to additional partial compensation as receiver of at least $18,000.

In *State v. Public Service Commission*, 312 S.W.2d 791, 796[1] (Mo. banc 1958), the court said:

> "The public service commission is essentially an agency of the Legislature and its powers are referable to the police power of the state. It is a fact-finding body, exclusively entrusted and charged by the Legislature to deal with and determine the specialized problems arising out of the operation of public utilities. It has a staff of technical and professional experts to aid it in the accomplishment of its statutory powers. Its supervision of the public utilities of this state is a continuing one and its orders and directives with regard to any phase of the operation of any utility are always subject to change to meet changing conditions, as the commission, in its discretion, may deem to be in the public interest."

■ The commission is purely a creature of statute, and its powers are limited to those conferred by statute, either expressly or by clear implication as necessary to carry out the powers specifically granted. *State ex rel. Util. Consumers Council, Etc. v. P.S.C.*, 585 S.W.2d 41, 49[7] (Mo. banc 1979). " '[N]either convenience, expediency or necessity are proper matters for consideration in the determination of' whether or not an act of the commission is authorized by the statute, *State ex rel. Kansas City v. Public*

*Service Comm'n*, 301 Mo. 179, 257 S.W. 462 (banc 1923)." *Id.* at 49[8]. "[I]t must be kept in mind that the commission's authority to regulate does not include the right to dictate the manner in which the company shall conduct its business." *State v. Public Service Commission*, 406 S.W.2d 5, 11[8] (Mo. banc 1966).

■ Citing C.J.S. Receivers § 75, the commission argues that the office of receiver may not be imposed on one without his consent and that the commission did not and could not consent to act as receiver over the sewer system. Citing C.J.S. Receivers § 71, the commission argues that no one should be appointed as a receiver who would by the appointment be placed in a dual position such that there must arise conflicts between his personal interest and his duty as receiver, or whose duty it might be at some time to call the receiver to account. The challenged order, argues the commission, would place the commission "in the conflicting position of regulator and regulated." The commission argues that there is no statutory authorization for it to act as receiver of the utility and adds, "[b]y comparison, § 375.176 specifically authorizes the Director of Insurance to be appointed as the receiver over an insurance company in certain circumstances."[2]

Seeking to uphold the appointment of the commission as receiver, respondent argues that § 393.145 "does not provide specific statutory direction when there are no volunteers to serve as receiver and the original owner is unable or unwilling to provide safe and adequate service to its customers." Respondent's brief also states:

> "Although acting as a court appointed receiver is not a power specifically granted to the commission, the commission is vested with broad powers in addition to the specifically expressed powers:

---

2. In *Slay v. Berry*, 27 Mich.App. 271, 183 N.W.2d 436, 452[5] (1970), a bank contended that it was improper for the trial court to appoint the F.D.I.C. as receiver. Rejecting the contention, the court pointed out that a federal statute specifically authorized the F.D.I.C. to act as receiver. In *Continental Nat. Bank v. Holland Banking Co.*, 50 F.2d 19 (8th Cir.1931), the trial court appointed a deputy finance commissioner of the state of Missouri to be receiver for a bank. The court said that in his official position the commissioner had an interest in the litigation and that some other suitable and wholly disinterested person should be appointed by the trial court.

'[The] public service commission shall be vested with ... all powers necessary or proper to enable it to carry out fully and effectually all the purposes of this chapter.' Section 386.040.

'The jurisdiction, supervision, powers and duties of the public service commission herein created and established shall extend under this chapter ... [t]o such other and further extent, and to all such other and additional matters and things, and in such further respects as may herein appear, either expressly or *impliedly*.' Section 386.250 (emphasis added).

"From these provisions it is clear that the commission's powers are not limited to only those specifically granted by statute. These powers extend to those powers necessary to carry out the duties of the commission imposed by statute. The commission is not asked to take over general management of the utility. A 'receiver' is distinguished from a 'manager' in that a receiver 'does not manage the property.'"

■ This court agrees with the commission that there is no specific statutory authorization for it to act as receiver for the sewer system. Respondent so concedes, but argues that the commission may act as receiver under its "broad powers." This court does not agree. Section 386.040, which respondent cites, grants the commission the power "to carry out fully and effectually all the purposes of this chapter." The chapter referred to is Chapter 386. The receivership proceeding involved here is a proceeding under Chapter 393. The same applies to § 386.250, cited by respondent. That statute also refers to "this chapter," a reference to Chapter 386. Nevertheless, if § 393.145 authorized the appointment of the commission as receiver, and this court holds otherwise, "[i]t is elementary that what is implied in a statute is as much a part of it as what is expressed [and] ... when a power is conferred by statute, everything necessary to carry out the power and make it effectual and complete will be implied." *State v. Donnell,* 349 Mo. 975, 163 S.W.2d 940, 943[2] (banc 1942). See also *Claunch v. Claunch,* 525 S.W.2d 788, 791 n. 5 (Mo.App.1975).

"A receiver appointed pursuant to this section shall be a responsible person, partnership, or corporation knowledgeable in the operation of utilities." § 393.145.3.

Section 393.120 reads: "The provisions of section 386.020, RSMo, defining words, phrases and terms, shall apply to and determine the meaning of all such words, phrases or terms as used in sections 393.110 to 393.290." Section 386.020 reads, in pertinent part:

"As used in this chapter, the following words and phrases mean:

(10) **'Corporation'** includes a corporation, company, association and joint stock association or company;

(29) **'Person'** includes an individual, and a firm or copartnership."

The commission is not a "person, partnership or corporation" within the meaning of § 393.145.3.

Respondent's argument that the challenged order does not ask the commission "to take over general management of the utility" is unfounded. The underlying action is a proceeding under § 393.145, and subsection 4 of that statute requires the receiver to "operate the utility." The commission is not in the business of operating a utility. The commission's province is to regulate, not to operate.

■ "The powers of regulation delegated to the Commission are comprehensive and extend to every conceivable source of corporate malfeasance. Those powers do not, however, clothe the Commission with the general power of management incident to ownership." *State v. Public Service Commission of Missouri,* 343 S.W.2d 177, 182[7] (Mo.App.1960). "It is obvious that [the commission] has no authority to take over the general management of any utility." *State ex rel. Laclede Gas Co. v. P.S.C.,* 600 S.W.2d 222, 228[3] (Mo.App.1980).

■ This court holds that portion 1 of the challenged order is in excess of respondent's jurisdiction and is void. Portion 2 of the

challenged order is also void. In *State ex inf. Danforth v. Merrell*, 530 S.W.2d 209 (Mo. banc 1975), the court, referring to §§ 23 and 28 of Article IV, and § 36 of Article III, of the Missouri Constitution, said, at 213[4]:

"These sections of the constitution are unambiguous. They require no construction. Their meaning is clear: money may not be withdrawn from the state treasury for any purpose other than that specified in an appropriation law. Any appropriation law which fails to specify distinctly the purpose of an appropriation would violate § 23, supra. Any law which permits the withdrawal of state money for any purpose other than that specified in an appropriation law would violate § 36, supra. Any certification by the Commissioner authorizing the incurring of an obligation and the payment of state money for any purpose other than that specified in an appropriation law would violate § 28, supra. Any withdrawal of money from the state treasury by a warrant drawn for a purpose other than that specified in an appropriation law would also violate § 28, supra."

Respondent's counsel, at oral argument, conceded that portion 2 of the challenged order is void if it contemplated the payment of the $18,000 sum with money withdrawn from the state treasury. Such appears to be the only reasonable construction of portion 2. Portion 2 is invalid on constitutional grounds, and it is inconsistent with the requirement of § 393.145.4 that the receiver shall be compensated from the assets of the utility.

The preliminary order in prohibition is made absolute. It is so ordered.

MONTGOMERY, P.J., and GARRISON, J., concur.