## PANAMA MAIL STEAMSHIP COMPANY *v.* VARGAS.

No. 425.   Argued April 23, 24, 1930.—Decided June 2, 1930.

*Mr. Thomas A. Thacher,* with whom *Messrs. Harrison A. Jones* and *W. Kevin Casey* were on the brief, for petitioner.

*Mr. H. W. Hutton* for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This is a suit in admiralty brought in the District Court of the United States for the Northern District of California against a company owning and operating an American steamship as a common carrier, between ports in

Central America and the port of San Francisco, to recover damages for an alleged assault constituting rape committed by an employee of the ship on a young woman while being carried thereon as a passenger. The plaintiff was given a decree, which the Circuit Court of Appeals affirmed, 33 F. (2d) 894; and the case is here on certiorari.

The District Court delivered no opinion and made no findings of fact other than such as may be implied from the decree. The Circuit Court of Appeals described the evidence as conflicting, the plaintiff's case as not free from suspicion, and the defense as weak; and it then affirmed the decree on the stated ground that appellate courts refuse to review decisions of trial courts based on conflicting testimony taken before them, unless the record discloses some plain error of fact or some misapplication of the law.

Thus we have a case in which the evidence is conflicting—pronouncedly so according to the argument in this Court—and in which there has been no distinct finding of the facts by the court primarily charged with their determination. No doubt a finding of some kind is to be implied from the decree—a finding that would suffice as against a collateral attack. But the present attack is direct, not collateral. It is made in an appellate proceeding where the review, unlike that on a writ of error at law, extends to the findings of fact as well as to the rulings on questions of law. The decree does not show on what premise of fact it was given, but only that it was given on some premise which in the court's opinion entitled the plaintiff to the decree. The court may have regarded the evidence as showing seduction rather than rape and may have given the decree on the theory that the defendant was equally liable in either case. In the absence of distinct findings an appellate court cannot know how the questions of fact were resolved. The situation is much like that described in the following extract

from *Lawson* v. *United States Mining Co.*, 207 U. S. 1, 11:

"It is insisted that the findings of the Circuit Court should have bound and concluded the Court of Appeals upon questions of fact. The difficulty with this contention is that there is nothing to show what the Circuit Court found to be the facts. Whatever might have been suggested by the course of the argument at the hearing, the comments of the court upon such argument, or in announcing its decision, there is nothing in the record to indicate whether its decision was based upon a question of fact or a matter of law. The record only contains its decree, dismissing the bill. All else is a matter of surmise, except as may be inferred from the allegations of the pleadings and the scope of the testimony. While it is apparent that the Circuit Court must have based its decision upon one of two or three grounds, yet upon which it is not certain."

And see *City of New York*, 54 Fed. 181.

Formerly it was the general practice in suits in admiralty to make distinct findings on the issues of fact; and while that practice placed an added duty on trial judges it was attended with undoubted advantages, in that it made for greater precision in the disposal of such suits in the trial courts and facilitated the presentation and consideration of appeals from decrees therein.

In the present case we think the situation requires that the decrees in both courts below be vacated and the case remanded to the District Court with a direction to make specific findings of fact and to take such further proceedings as may be in conformity with law.

If the judge who presided at the trial and rendered the decree is prepared to make such findings without a further trial, that course may be taken; otherwise the case should be retried.

*Decrees vacated and cause remanded for further proceeding in conformity with this opinion.*