**METROPOLITAN DEVICE CORPORATION v. AMERICAN CASTING & MFG. CORPORATION.**

**No. 4933.**

District Court, E. D. New York.

Feb. 5, 1931.

Usina & Rauber, of New York City, for plaintiff.

George D. Richards, of New York City, for defendant.

BYERS, District Judge.

The facts upon which this controversy rests are:

The plaintiff owns a patent issued to Murray on July 28, 1914, No. 1,105,037, the first claim of which alone is presently involved. In terms, that claim recites:

"1. A seal fastening, comprising a casing having side walls and a rim, and two openings in said rim, an inward projection on one of said side walls disposed between said openings, and a shackle in loop form having its arms bent backwardly and inwardly: the said shackle arms entering said openings and, at their ends, engaging said projection."

The defendant owns, and makes and sells under, a patent issued to Dietz on April 26, 1927, No. 1,626,273, the four claims in which need not now be set forth. The device is a metal seal, frequently used to lock meters, etc., as is the plaintiff's.

The art involved dates back not less than forty-five years, and among the numerous patents cited by the defendant is one which was issued in 1886. These several patents portray the efforts that have been made to devise a seal which can be manufactured at a low cost, and which cannot be tampered with, and which contains, within the body of the seal, the means whereby an inserted member becomes securely fastened and so remains until the seal, or a replaceable element thereof, is destroyed.

This problem has been solved with varying degrees of success, by providing an interior element which engages the ends of the inserted member so as to prevent the withdrawal thereof; the inserted member is in the shape of the letter U, speaking generally, the legs of which are usually prolonged, and either bent backward or spurred or notched at the extremities.

When these legs have been inserted through respective openings in the rim of the chamber member of the seal, the extremities pass an interior structure so contrived that the ends engage that structure securely, and hence cannot be withdrawn by a pulling force exerted at the curved end of the inserted member, usually called the shackle.

The development of the art has principally had to do with the character, location and construction of the interior structure so engaging the inserted ends of the shackle.

The peculiar virtue of the plaintiff's device, as set forth in the claim of its patent, is that the interior structure is "an inward projection on one of said side walls disposed between said openings," and, unless the defendant's seal is so constituted, no infringement is shown.

The plaintiff's "inward projection," as commercially expressed, is a depression, as viewed from the exterior, in one of the side walls, triangular in shape and of a sufficient depth to bring the under surface of the depression practically into contact with the opposite wall or side. The base of the triangle thus formed is the portion of the projection which engages the ends of the shackle, which pass along the sides of the triangle during the process of insertion; when the ends (which have been bent inwardly so as to form an acute angle with the sides of the shackle), which are of wire and hence resilient, have passed the base of the triangle, they spread and thus engage it, and the shackle cannot be withdrawn.

The difference between the inward projection contained in the plaintiff's device, as described in the claim, and that element which serves, in the defendant's seal, to prevent the withdrawal of the shackle, is the difference between something which is "on one of said walls" and something which is not.

The plaintiff's seal reads very much like the Murray seal described in patent No. 906,052, which is said to be " * * * a seal body, and a block in said body having openings through which the legs of said shackle respectively pass: the said block forming an abutment for the upturned extremities of said legs. * * *" The chief difference being between a *projection on* a wall, and a block *in said body*.

The defendant's seal is so constructed that the shackle cannot be withdrawn because it engages an obstacle which is in a different plane from either of the walls, having its origin, however, in the rim, which in turn is a folded-over portion of the wall. It is quite true that the metal which constitutes this particular wall of the chamber is integral with that which constitutes the fingers which are folded over and flanged and so disposed as to engage the shackle; but, when the folding over has been accomplished, no projection "on one of said side walls" has been constructed.

This court has experimented with Defendant's Exhibit O (to such an extent that it will have to be replaced for use by a reviewing court) and demonstrated, as a physical fact, that the fingers which project from the rim into the interior of the seal, and upon the

ends of which the shackle locks, are not on the adjacent side wall at any point, from the rim of the seal to the extremities of the said fingers.

The defendant's device is a practical improvement of that portrayed in the Brooks patent, No. 937,575, which teaches a seal with two walls and a shackle, "and said seal part comprising a member constructed with a rigid catch projection arranged to interact with said hook" (on the shackle).

What this defendant has done is to introduce the third member, with certain unimportant modifications, but it is stamped out of the same material as one side of the seal; then the third member section is bent over so as to occupy a space between the two walls of the seal, and it is so flanged and disposed as to present a secure engagement, at its ends, with the shackle which is suitably shaped for that purpose, when the shackle has been inserted.

The plaintiff's theory is that, because its "inward projection" is formed of its own side wall, and the defendant's fingers may be visualized as a prolongation, and alteration as to the prolongation, of its side wall, it follows that infringement is shown.

The error in the reasoning lies in the fact that nothing in claim 1 of the plaintiff's patent teaches anything about the formation of the inward projection from the wall itself; and, while that part of the defendant's structure which performs the office of preventing the removal of the shackle from the seal is stamped out of sheet metal, and as part of the same operation as a side wall of the seal, no inward projection "on one of said side walls" is thereby fabricated.

The conclusion of law is that no infringement has been shown, and the decree must be for the defendant, with costs.

If the foregoing be not deemed a sufficient compliance with Equity Rule 70½ (28 USCA § 723), findings may be settled on five days' notice.