**PARKER v. ST. SURE, District Judge.**

Nos. 6573, 6577.

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1931.

See, also, 53 F.(2d) 706.

Chas. M. Fryer and A. C. Aurich, both of San Francisco, Cal., for petitioners.

Frederick S. Lyon and Leonard S. Lyon, both of Los Angeles, Cal., and John H. Miller, Chas. E. Townsend, and A. W. Boyken, all of San Francisco, Cal., for respondent.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

Petitioners seek a writ of mandamus to compel the respondent judge to make findings of fact and conclusions of law in the case of George D. Parker and Charles E. Evans, Plaintiffs, v. A. Fox, Defendant, and Eby Machinery Company, Intervener, 53 F.(2d) 706 being equity case No. 2401-S, as required by Equity Rule No. 70½ (28 USCA § 723) recently adopted by the Supreme Court. It is alleged in the petition that after final hearing the respondent rendered his decision holding the patent involved to be valid but not infringed. It is alleged that respondent filed a memorandum order directing a finding of fact and conclusion of law to be entered in accordance with the memorandum opinion; it is alleged that each party filed with the respondent their proposed findings of fact and conclusions of law, that a hearing was had by the respondent to settle the findings of fact and conclusions of law, but the respondent refused to follow Equity Rule No. 70½ and refused and failed to make any findings of fact as required by said rule, and "signed and filed the purported findings of fact and conclusions of law proposed by defendant and intervener." A rule to show cause was made, and upon the hearing respondent contends that the findings of fact and conclusions of law filed in the case were a compliance with the equity rule in question and that if not the findings of fact and conclusions of law at least represent an exercise of discretion which cannot be controlled in a mandamus proceeding. Petitioners' contention is that, although the respondent signed what purported to be findings of fact and conclusions of law, they were not such in fact.

The respondent, in his memorandum opinion, indicated the basis of his decision; namely, that the patent in suit was valid, but that it was not infringed. The findings of fact and conclusions of law follow the memorandum opinion. The findings are that a valid patent was issued to the complainant, and the court specifically found that the defendant had used and operated the machine complained of; reference being made in the findings to a photograph of the machine in evidence, and, as a conclusion of law, it was held there was no infringement. In the findings of fact the issuance and reissuance of patent in suit are set forth, and the court finds: "That the machine so made by the defendant, Eby Machinery Company, and used by the defendant, A. Fox, is correctly shown by the photographs introduced in court during the trial of this cause as 'Plaintiff's Exhibit #3', and by photographs shown in 'Plaintiffs' Exhibit #8', and drawings, Defendants' Exhibits U and S, (Sheets 1 to 9) and now on file in the records of this court."

In the conclusions of law it is stated:

"II. The validity of the patent is in doubt but in accordance with the rule of law that when such a question is close or in doubt, the presumption of the patentability is to be regarded as controlling, Reissue Letters Patent No. 16,292, granted March 6th, 1926, to plaintiff, Charles E. Evans, for Bundling, Binding and Tying Machine are held valid particularly as to Claims 3, 36, 37, 38, 39, 40, 42 and 43."

"VI. That said machine so manufactured by the defendant, Eby Machinery Company, and used by the defendant, A. Fox, complained of in this suit, does not infringe upon the Letters Patent in suit, Reissue Letters Patent No. 16,292, and particularly Claims numbered 3, 36, 37, 38, 39, 40, 42 and 43, or any thereof."

In the decree it is recited that the court has filed its memorandum opinion, its findings and conclusions of law, and it is ordered, "(1) That the defendants have not, nor has either of them, infringed upon the claims of Reissue Letters Patent No. 16,292."

The petitioners claim that these findings are insufficient, and claim that the answers in each of the suits set up substantially the following defenses:

"(a) Lack of infringement because of estoppel against the patentee arising from pro-

ceedings by him in the Patent Office while obtaining his patent;

"(b) Lack of infringement because of so-called 'intervening rights,' a defense based upon the fact that the patent in suit was a reissue instead of an original patent;

"(c) Lack of invention in the disclosure of the patent and consequent invalidity thereof;

"(d) The existence of a mere aggregation instead of a true combination in the disclosure of the patent, and consequent invalidity of the patent;

"(e) Falsity of the oath in support of the reissue application and consequent invalidity of the patent;

"(f) Undue multiplicity of claims and consequent invalidity of the patent;

"(g) Granting of the reissue patent for something different from the disclosure of the original patent, and consequent invalidity of the reissue patent;

"(h) Public use of the disclosure of the patent for more than two years prior to the application therefor, and consequent invalidity of the patent."

Petitioners complain that the findings "* * * did not contain any statement showing how the trial court resolved any question of fact relating to any of the defenses (a) to (h), supra, page 2, set up in the answers. On the contrary, apart from mere formal assertions as to the names of the parties, the jurisdiction of the court, the issuance of the patent in suit, its ownership, and identification of the machine complained of by reference to certain exhibits, the purported findings contained no findings of fact at all.

"All that appeared in the proposed findings in any way relating to the two questions referred to by the court in its memorandum decision, i. e., validity and infringement, was found under the heading 'Conclusions of Law', in paragraphs II and VI. These paragraphs were just what they were called—conclusions of law—and not findings of fact."

Petitioners contend that, in view of the insufficiency of these findings, the remedy of considering and determining their sufficiency upon appeal and the remanding of the case for further findings, as was done in the case of Panama Mail S. S. Co. v. Vargas, 281 U. S. 670, 50 S. Ct. 448, 74 L. Ed. 1105, would be an inadequate remedy because of the expense involved in the preparation of the record and the difficulty of presentation of the case upon appeal. Upon this ground they invoke the jurisdiction of this court to compel action by mandamus, and we are asked to direct the trial court to "specifically find some facts upon all the issues raised by the pleadings, and particularly upon the two questions which the court assumed to decide—those of validity and infringement." Respondent contends that the finding of the grant of the letters patent and their reissuance is the ultimate fact which disposes of all questions antecedent to the grant. It is claimed that the finding of fact with relation to the character of the alleged infringing machine and its method of operation is the ultimate fact involved in the question of infringement, and that whether or not the machine infringes the patent is an issue of law and that the determination of the court that there is no infringement is properly included in the conclusions of law. See 38 Cyc. 1982; Sanitary Refrig. Co. v. Winters, 280 U. S. 30, 50 S. Ct. 9, 74 L. Ed. 147; Singer Co. v. Cramer, 192 U. S. 265, 275, 24 S. Ct. 291, 48 L. Ed. 437. The rule is well settled, in states where findings are required by law, that it is not necessary to make findings on all defenses wherein findings actually made require a judgment in favor of either party. We do not believe that the Supreme Court intended to extend this rule by Equity Rule No. 70½ so that in every case there must be specific findings upon every issue, regardless of the fact that findings actually made sustain a decree, nor do we believe that it was the intention of the Supreme Court to introduce into equity and admiralty practice the difficulties inherent in the preparation of precise findings upon every material issue involved in the litigation. The rule is evidently intended to advise the courts on appeal of the decision of the trial court as to the material issues. It is obvious that, where the judgment of the trial judge, in determining the controverted issue of fact, is given great weight upon the appeal, in case of conflicting evidence by witnesses who testify in the presence of the judge, the appellate court in exercising its jurisdiction in equity and admiralty cases should be advised of the conclusion of the trial court as to where the truth lies as between witnesses who contradict each other. It may be conceded that in this case and all infringement cases it is a decided advantage to have the views of the trial judge upon the entire question, and particularly in cases of noninfringement the ground upon which the trial court finds noninfringement. The rule does not require this to be done. The following decisions are cited by the respondent from some of the District Courts: Kay Jewelry Co. v. Gruen Nat'l

Watch Case Co. (C. C. A.) 40 F.(2d) 600; Metropolitan Device Corp. v. American C. & Mfg. Corp. (D. C.) 46 F.(2d) 509; International Spotlight Corp. v. United Mfg. Co. (D. C.) 50 F.(2d) 234; Kaser Process Pie Co. v. Pie Bakeries (D. C.) 50 F.(2d) 414. In these cases the district judge filed an opinion and adopted the same as his findings of fact and conclusions of law. We see no objection to this course. Until the opinion is adopted by the court as its findings of fact and conclusions of law, it is not a part of the record.

We conclude that, where the trial court has filed its findings of fact and conclusions of law, a mandamus should not issue for the purpose of correcting or extending these findings. We are not in this case facing an entire absence of findings. We are also of opinion that the findings in question are sufficient. The court has inherent power to remand an equity case for further findings, if such findings are necessary to a proper exercise of its appellate jurisdiction. Panama, etc., v. Vargas, supra. With this inherent power recognized and enforced by Equity Rule No. 70½, the appellate court can secure the necessary co-operation of trial judges in the performance of its duties.

Writ denied.