## HYLAND v. MILLERS NAT. INS. CO.
### et al.
### No. 7937.

Circuit Court of Appeals, Ninth Circuit.
Nov. 1, 1937.

For former opinion, see 91 F.(2d) 735.

Morgan V. Spicer, William S. Graham, W. W. Sanderson, and J. W. McCaughey, all of San Francisco, Cal., Robert W. Jennings, of Sacramento, Cal., and W. H. Metson, of San Francisco, Cal., for appellant.

H. A. Thornton, Thornton & Watt, and Thornton & Taylor, all of San Francisco, Cal., for appellees Millers Nat. Ins. Co. and Western Ins. Co. of America.

Redman, Alexander & Bacon, Jewel Alexander, Wm. C. Bacon, and R. P.

Wisecarver, all of San Francisco, Cal., for appellees Dubuque Fire & Marine Ins. Co., National Reserve Ins. Co., Minnesota Fire Ins. Co., and Merchants Fire Ins. Co.

Orrick, Palmer & Dahlquist, of San Francisco, Cal., for appellee National Liberty Ins. Co.

Long & Levit, Percy V. Long, Bert W. Levit, and R. P. Wisecarver, all of San Francisco, Cal., for appellee Firemen's Ins. Co. of Newark, N. J.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

DENMAN, Circuit Judge.

In the petition for rehearing petitioner Hyland cites the recent case of Koyer v. Detroit Fire & Marine Ins. Co., 70 P.(2d) 927, a decision by the California Supreme Court. The opinion in that case discloses that the insurer charged and proved that the insured's and insurer's appraisers had selected a third; that the insured objected to the latter and a month's delay ensued before the two selected another third for umpire. It was not proved that the insured's protest against the first arbitrator caused the delay. Nor was it shown that insured's appraiser had been any more responsible for the delay than the insurer's. Evidence of bad faith on the part of the insured was offered, but its causal connection with the delay and failure to appraise was not shown. When the 90-day period had elapsed the insured withdrew from the appraisement and began the suit.

The court found the insured had not been proved to have caused the failure of the arbitration, and held:

"It is conceded by plaintiff, as it must be, that the provision for the appraisement of the loss is a valid one and that, unless he has done that which was required of him with reference to an appraisement, *he has no right to sue. * * *

"If plaintiff caused the efforts at arbitration to fail, even though he acted in good faith and without intent to defeat the arbitration, he would be responsible for the failure. The policies so provide. But, if he was guilty of acts committed in bad faith which did not cause the failure of the arbitration, he would not thereby be *foreclosed of his right to sue.*" (Italics supplied.) Koyer v. Detroit Fire & Marine Ins. Co., supra, (Cal.Sup.) 70 P.(2d) 927, at pages 928, 929.

This California authority confirms *our interpretation of the policy provisions in the instant case.* We held that petitioner had an illicit control of his appraiser and that, acting under that control, he caused the delay frustrating the arbitration. He was, therefore, "foreclosed of his right to sue."

Appellant repeats in his petition for rehearing the contention that appellees waived any failure of arbitration by their consent to an auction sale of the salvaged merchandise. The arbitration had already been frustrated but, at the time of the sale, the insurance companies were not aware of the fact that Hyland's control of Colbert had caused it.

Appellant further urges that the insurance companies waived any objection to appellant's tool Colbert based on his lack of disinterestedness, because they knew or could have known of his bias before the arbitration. A rereading of our opinion will show this contention to be unfounded. Only by examining plaintiff's books could the appellees have learned of the several payments made by Hyland to Colbert. The full significance of these payments and the utter unfitness of Colbert to serve as arbitrator were not made manifest until long after the time for arbitration has passed.

It is contended by the petitioner that the defense of failure to arbitrate was not properly pleaded by the insurance companies. Petitioner cites authorities to the effect that, in an action to set aside an award of appraisers for fraud, it is not sufficient to plead fraud generally, but the specific acts of fraud must be set out. That situation, obviously, differs from one where no arbitration was had due to insured's failure to appoint a disinterested appraiser. The defense was properly pleaded.

It is urged that the appellees waived failure of arbitration by failure on their part to appoint a disinterested appraiser. It is contended that their appointee, Maris, was by profession an insurance adjuster, and authority is cited purporting to hold that a professional adjuster is not a competent appraiser because of his usual bias. We think there is no basis for the argument. Maris was not necessarily biased by reason of his profession, and if appellant considered him unqualified for that reason he should have objected at the time of his appointment. Appellant was aware of any

objection to Maris on this ground, whereas, as already pointed out, appellees were without knowledge of the perfidy of Colbert until the time for arbitration had passed.

■ The petition for rehearing complains of the court's failure to pass on the contention in appellant's brief that the appellees waived any defense of fraud or false swearing. The point is not mentioned in the assignments of error. In the absence of an assignment it cannot be raised by specification of error, and the specification attempted is glaringly insufficient. It was not presented to the trial court by pleading, proof, or request for finding. Obviously it was put in the brief as an afterthought. Furthermore, it is fundamental that a defendant cannot be said to waive a defense unless, with knowledge of facts in his favor, he fails to make use of them. There is no proof in this case that defendants knew of the fraud and false swearing before they asserted their rights under the applicable provisions of the policies.

■ Petitioner repeats his assertion that the trial court should have made separate findings of fact instead of including its findings in a memorandum opinion. The findings are properly contained in a decree in equity. Parker v. St. Sure (C.C.A. 9) 53 F.(2d) 706, 708, 709.

Petition denied.

HANEY, Circuit Judge (dissenting).

One ground upon which recovery by appellant was denied is that the failure to appraise the loss was attributable to the insured because of his appointment of an alleged "interested" appraiser. In reaching that conclusion the majority stated that "on a showing of the absence of such a fair effort [to obtain arbitration] on the part of the insured, the insured could not recover." (C.C.A.) 91 F.(2d) 735, 737. An early case, Old Saucelito L. & D. Co. v. Commercial U. A. Co., 66 Cal. 253, 5 P. 232, was relied upon to sustain that doctrine.

After that decision the statute requiring the provisions in the policies in question regarding appraisement was passed, and that statutory provision was interpreted in Koyer v. Detroit Fire & Marine Ins. Co. (Cal.Sup.) 70 P.(2d) 927, decided since the opinion herein.

The gist of that case, in so far as it is applicable here, lies in the announcement of the doctrine that an award by arbitrators under the terms of the policy was not a condition precedent to plaintiff's right to sue on the policies.

In arriving at this conclusion the California court held that the question of good or bad faith of the insured was not material, that the real question was, "Is the insured responsible for acts which caused the arbitration to fail?" If so, said that court, he was foreclosed of a right to sue even though he acted in good faith and without intent to defeat the arbitration.

Applied to the facts in the case before us, I think Koyer v. Detroit Fire, etc., Co., supra, is far from confirmation of this court's interpretation of the policy provisions in the instant case.

The dissenting opinion herein held that recovery should not be denied on this ground because no such defense was pleaded, or intended. Appellees in their briefs disclaimed any knowledge of the facts showing the alleged "interest." The majority said (C.C.A.) 91 F.(2d) 735, 739: "The insurance companies would have no reason to suspect that one in such a position would be a person capable of the frauds committed with Hyland. They were not exposed until Colbert's confession of them in the course of the trial below."

If appellees had no knowledge of the alleged "frauds" it is difficult to understand how they could have intended to plead such a defense. The statement of the majority above quoted shows, I think, that the allegation of appellees charging that the appraisement was prevented by appellant and his appraiser is nothing more than a "catch-all" conclusion, which asserts no defense.

The petition should be granted.