## WILSON v. BECKETT et al.

### No. 8492.

United States Court of Appeals District of Columbia.

Argued May 1, 1944.

Decided May 15, 1944.

Miss Etta L. Taggart, of Washington, D. C., with whom Mr. Paul D. Taggart, of Washington, D. C., was on the brief, for appellant.

Mr. W. Cameron Burton, of Washington, D. C., with whom Mr. Thomas B. Heffelfinger was on the brief, for appellees Middleton and Beckett.

Mr. Hubert G. King, of Washington, D. C., for appellee Wilkins.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Appellant brought this suit to set aside a deed on the ground that the grantor was mentally incompetent. The District Court, on conflicting evidence, adjudged that the grantor was of sound mind and the deed valid.

A few minutes before the trial appellant's counsel learned that one of her witnesses, Marie Ryan, was ill and unable to testify. Expecting to produce this witness on the following day, counsel answered ready and went to trial; but Ryan, as it turned out, was not able to appear at any time during the trial. The court refused to grant a continuance for the purpose of taking her deposition. The question is whether this was an abuse of discretion.[1]

Appellant told the court nothing about the nature of Ryan's probable testimony except that it would be "very important" and would be "along the line of what Mollie testified to * * * and additional things." The testimony of the witness Mollie Maxwell had been along at least two divergent lines, one favorable and one unfavorable to the grantor's sanity. She had testified to eccentricities, some of them gross, on the part of the grantor, who was her employer. She had also testified: "I can't say that she was crazy, but her mind was bad. If she had been crazy I wouldn't have been working for her; but her mind was bad, very bad." The court found as facts that the grantor "eschewed baths" and had "certain eccentricities." Ryan's cumulative testimony, and likewise the "additional things" which counsel had in mind but did not disclose, might or might not have been important. If they would in fact have been important, counsel should have made this clear by a definite offer of proof.

On the other hand, a judge is no mere umpire. "It is the recognized function of a trial judge to see that facts are clearly and fully developed."[2] He necessarily has a wide discretion in the matter. We think it would have been better practice for the court either to satisfy itself, by questioning counsel, that Ryan's testimony would not affect the result of the case,

---

[1] Cf. Cornwell v. Cornwell, 73 App.D.C. 233, 118 F.2d 396; Harrah v. Morgenthau, 67 App.D.C. 119, 89 F.2d 863.

[2] Bethlehem Steel Co. v. National Labor Relations Board, 74 App.D.C. 52, 63, 120 F.2d 641, 642.

or to grant a brief continuance so that appellant might take her deposition. But we are not prepared to rule that the court's failure to do either of these things was an abuse of discretion.

Affirmed.