**VICTORY TOWING COMPANY, Inc.,**
**Appellant,**

v.

**Allen J. BORDELON, Appellee.**

**No. 15041.**

United States Court of Appeals,
Fifth Circuit.

Feb. 24, 1955.

Rehearing Denied March 28, 1955.

George B. Matthews and Lemle & Kelleher, New Orleans, La., for appellant.

Walter E. Doane, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

This action was brought by a seaman against his employer to recover damages for injuries sustained because of alleged unseaworthiness of the vessel on which he was employed or because of alleged negligence of his employer. The district court simply entered judgment for the libellant in the sum of $2500.00. No findings of fact or conclusions of law were entered, as required by Admiralty Rule 46½.[1] Thereupon, the respondent, without (so far as the record shows) calling such failure to the attention of the district court, or moving the court to make findings of fact and conclusions of law, appealed to this Court. Here it insists that the record does not reveal

---

1. *Rule 46½. Findings of fact and conclusions of law*

   "In deciding cases of admiralty and maritime jurisdiction the court of first instance shall find the facts specially and state separately its conclusions of law thereon; and its findings and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record which is certified to the appellate court under rule 49." Title 28 U.S.C.A.

any negligence on its part or any unseaworthiness of its tug.

■ We have no means of knowing the basis of the judgment, whether the district court found unseaworthiness or negligence or both, or in what either or both consisted. What was said by the Supreme Court in Kelley v. Everglades District, 319 U.S. 415, 421, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485, is appropriate here:

> " * * * it is not the function of this court to search the record and analyze the evidence in order to supply findings which the trial court failed to make. * * * the nature of the evidentiary findings sufficient and appropriate to support the court's decision * * * is for the trial court to determine in the first instance in the light of the circumstances of the particular case. We hold only that there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion."

To like effect, see Panama Mail S.S. Co. v. Vargas, 281 U.S. 670, 50 S.Ct. 448, 74 L.Ed. 1105.

■ The judgment is accordingly vacated and the cause remanded for further action of the district court, including the making of appropriate findings and the entry of judgment based thereon, following which an appeal may again be taken to this Court, the present record supplemented by the findings and judgment or other action of the district court, and the appeal may be submitted on the briefs filed and any others which may be filed. See 28 U.S.C.A. § 2106 and cases collected in Note 259 thereto; 5 Moore's Federal Practice, 2nd ed., p. 2662; In re Rockford Baseball Club, 7 Cir., 201 F.2d 685. Taxation of the costs of the present appeal is postponed pending action of the district court on such remand.

Vacated and remanded.