M. W. ZACK METAL COMPANY,
Libelant-Appellant,

v.

THE S.S. BIRMINGHAM CITY and Bristol City Line of Steamships, Ltd.,
Claimant-Respondent,
and
Jarka Corporation, Impleaded
Respondent.

No. 358, Docket 26642.

United States Court of Appeals
Second Circuit.

Argued May 1, 1961.

Decided June 19, 1961.

452

Anthony B. Cataldo, New York City, for libelant-appellant.

Donald B. Allen, of Hill, Betts, Yamaoka, Freehill & Longcope, New York City (James E. Freehill, of Hill, Betts, Yamaoka, Freehill & Longcope, New York City, on the brief), for claimant-respondent.

Joseph E. Soffey, New York City (George J. Conway, New York City, on the brief), for impleaded respondent.

Before LUMBARD, Chief Judge, CLARK, Circuit Judge, and STEEL, District Judge.*

* United States District Judge for the District of Delaware, sitting by designation.

CLARK, Circuit Judge.

Libelant, M. W. Zack Metal Company, appeals from a decree for respondent in an action brought in admiralty to recover for damage to 77 bundles of steel purchased by libelant and shipped to the United States on respondent's SS Birmingham City. After respondent's ship docked in Hoboken, New Jersey, the steel was unloaded by impleaded respondent, Jarka Corporation, a stevedoring company. It was then lightered to Weehawken, and there loaded into three open railroad gondolas for delivery to libelant in Detroit. When the shipment arrived in Detroit, libelant's employees found it to be rusted and otherwise damaged; and libelant thereupon instituted the present action. Judge Clancy dismissed the libel after trial, saying:

"I find that there is no credible evidence that the steel that is involved in this case was discharged from the ship either crimped, wet, rusty or in otherwise damaged condition. The only evidence of such damage is the testimony of Krasnov and I do not believe any of Krasnov's testimony.

"I find that there is no competent evidence in the case that the libelant is the owner of the claim which it prosecutes.

"I find further that this action was started in October, 1954, and there was no notice of plaintiff's claim given as required by the Statute, 46 U.S.C.A. 1303.

"On all these grounds, I dismiss the libel."

■ *Libelant's ownership of the claim.* Despite libelant's failure to show in full detail the chain of title leading to its acquisition of the steel, we think there can be no doubt of its right to maintain the present action. The steel in question was shipped under a bill of lading dated April 24, 1953, issued by respondent at the port of Avonmouth, England, and containing the notation, "Notify Merit Import & Export Corp'n, 82 Wall Street, New York, and Schwabach & Co., 60 Beaver Street, New York." By confirmation order dated April 23, 1953, the steel to be thus shipped was sold by Framen Steel Supply Company, Inc., to the libelant. When the shipment arrived in Hoboken, the arrangements for its eventual transportation to Detroit were carried out according to instructions given by the libelant. At no time did any of the parties in the somewhat disconnected chain of title challenge the fact that libelant was the beneficial owner of the steel. Indeed, when its right to maintain this action was questioned, libelant obtained from Framen Steel Supply Company, Inc., and from Schwabach & Co., assignments of any claim they might have against respondents for damage to the steel in question. In view of these facts we think that, irrespective of niceties of "title," libelant was clearly the beneficial owner of the steel shipped on respondent's vessel, and as such was entitled in its own right to maintain this action for damages. F.R. 17(a). We are able to reach this result without reliance on the fact that it received assignments from two of its mesne suppliers after the statute of limitations had run, although that statute would not have been a bar even if the action depended on the assignments, since it was timely commenced and its amendment to allege the assignments would not constitute a new claim for purposes of the statute of limitations. F.R. 15(a).

■ *Libelant's proof as to its claim.* Since libelant failed to give notice of the loss or damage within three days of delivery to its bailee, it had the burden of rebutting the prima facie defense of delivery in good condition raised by the Carriage of Goods by Sea Act, 46 U.S.C. § 1303(6). Miami Structural Iron Corp. v. Cie Nationale Belge de T. M., 5 Cir., 224 F.2d 566; see Poor, Charter Parties and Ocean Bills of Lading 159–60 (4th Ed. 1954). The district court found that the only evidence showing delivery in bad condition was the testimony

of libelant's former employee, Krasnov, whom the court found unworthy of belief. There were various inconsistencies in Krasnov's story, and the trial court's judgment as to the credibility of this important witness cannot be disturbed.

So far as rust is concerned—and that is the principal damage complained of— the only other direct evidence that the steel was discharged in rusted condition was given by the deposition of George Jeremy, terminal superintendent for the stevedoring company at the time of unloading. Jeremy stated that he saw an undetermined quantity of steel in rusted condition on the pier after it was discharged. It is not entirely clear, however, whether the rust observed was of the steel sheets themselves, or only of the outer wrapping sheet, which can ordinarily be expected to rust. Furthermore, Jeremy was unable to identify the rusted steel as belonging to the shipment in question, rather than to some other companion shipment. There is circumstantial evidence suggesting that rust may have occurred during the ocean voyage, since the weather was rough, water flowed over the deck, and some of the steel bundles became undone. On the other hand, the witnesses to the undoing of the steel bundles failed to testify as to any water or moisture attacking those bundles. In view of this record, if libelant's claim depended on showing that the steel had already become rusty when discharged from the ship, a district court would be justified in finding that it had not sustained its burden of proof.

We do not think, however, that libelant's claim necessarily depends on producing direct testimony that the steel sheets had become rusted at the time of discharge. First of all, rust was not the only item of damage sued for; libelant also claimed bending and tearing. In addition, the evidence raises the possibility that, if the steel was not rusted at the time of discharge, any subsequent rusting was caused by the conduct of the respondent or the stevedoring company. Libelant introduced ample evidence that some of the steel bundles had become undone in the course of the voyage and the unloading. Perhaps this condition permitted an exposure to moisture which resulted in the development of rust during the period after discharge from the ship. Furthermore, two of libelant's witnesses testified that the rail shipment in open cars from New York to Detroit would not ordinarily produce rust unless the packaging was deficient in some respect. If the unsatisfactory condition of the bundles was not remedied before respondent delivered the steel for shipment to Detroit, respondent might be chargeable with responsibility for rust developing as a result of the defective packaging. None of these problems is met by the district court's terse statement dismissing the libel.

Resolution of these problems is not the province of an appellate tribunal, but of the trial court. E. g., Kelley v. Everglades Drainage Dist., 319 U.S. 415, 421–422, 63 S.Ct. 1141, 87 L.Ed. 1485; Barnard-Curtiss Co. v. United States for Use and Benefit of D. W. Falls Const. Co., 10 Cir., 244 F.2d 565, 567. Libelant's case was sufficiently substantial to require detailed findings of fact, and it was error to dispose of the case summarily on the brief oral statement quoted above. See Admiralty Rule 46½; Panama Mail S. S. Co. v. Vargas, 281 U.S. 670, 50 S.Ct. 448, 74 L.Ed. 1105; Victory Towing Co. v. Bordelon, 5 Cir., 219 F.2d 540. Accordingly, the decree below is vacated and the case is remanded for reconsideration, in the light of additional evidence if necessary, of such questions as (1) the extent to which the bundles were broken in the course of the ocean voyage; (2) the extent to which the bundles were broken in the course of unloading; (3) whether adequate steps were taken to remedy the unsatisfactory condition of the bundles; (4) whether the unsatisfactory condition of the bundles was a proximate cause of rust occurring subsequent to discharge from the ship; (5) whether the unsatisfactory condition of the bundles was due

to the fault of respondent or of the impleaded respondent or to some other cause; (6) whether respondent is responsible for any damage other than rust which might have existed at the time of discharge. Specific findings of fact and conclusions of law should be made as to all points of substance raised by the evidence.

■■ *Alleged pre-trial or trial errors.* We do not find any errors to have occurred in the course of the trial. There was no abuse of discretion in denying a continuance sought by libelant to enable it to locate Captain Harris and produce him as a witness. According to the affidavit of libelant's proctor, Harris "works for Erie Railroad Co. and apparently received the steel from respondents and knew the condition of the steel at that time." Libelant has not shown that Harris would give any testimony favorable to it, however, or that it made reasonable efforts to assure his attendance at trial. See Ockert v. Union Barge Line Corp., 3 Cir., 190 F.2d 303; Wilson v. Beckett, 79 U.S.App.D.C. 94, 143 F.2d 19. Neither was there any abuse of discretion in limiting the cross-examination of Captain Yates. The deposition of Lunenburg, an employee of Jarka Corporation, was properly excluded, since he was available at trial; but libelant declined to call him as a witness. His deposition described the inspection procedure of Jarka in connection with the shipment in question, and could not be considered a declaration by Lunenburg against his interest.

■ We affirm the order of Judge Sugarman awarding respondent $100 attorney's fees under Admiralty Rule 32C for libelant's unjustified refusal to answer the first interrogatory.

The decree of the district court dismissing the libel is vacated, and the action is remanded for the making of specific findings of fact and conclusions of law and the then entry of an appropriate decree.