Amerigo **PADOVANI**, Petitioner,

v.

Honorable Walter **BRUCHHAUSEN**,
Respondent.

No. 27019.

United States Court of Appeals
Second Circuit.

Argued June 19, 1961.

Decided July 31, 1961.

Elmer Fried, New York City (Alfred S. Julien, New York City, on the brief), for petitioner.

Emile Z. Berman, New York City (Webster, Sheffield, Fleischmann, Hitchcock & Chrystie, Frederick P. Haas, Howard Lester, and Donald J. Cohn, New York City, on the brief), in opposition.

Before CLARK and SMITH, Circuit Judges, and DAWSON, District Judge.

CLARK, Circuit Judge.

This is a petition for a writ of mandamus directing Chief Judge Bruchhausen to vacate, reverse, or modify an order of preclusion he has made against the introduction of certain testimony or reliance on certain theories of law in the trial of an action brought by the present petitioner and now pending in the district court. The action is one for negligence and breach of warranty against Liggett & Myers Tobacco Company, wherein the plaintiff claims damages for a cancer of the larynx alleged to have occurred as a result of smoking cigarettes manufactured by the defendant. It was commenced in 1955 in the state court and was removed by the defendant to the federal court. It is said to be one of the oldest cases on the court's calendar.

After the case had been at issue and marked ready for trial in 1959 and 1960, the defendant moved for an order directing pre-trial proceedings under F.R. 16, and the court on February 5, 1960, per Byers, J., granted the motion. The court's order specifically directed proceedings according to F.R. 16, and ordered the parties to appear for a pre-trial conference before a trial-part judge on February 17, 1960, to consider the matters specified in that rule, reciting it in substantial substance. But the hearing was not held because Judge Bruchhausen, the trial-part judge, acting on defendant's motion, ordered "a complete pre-trial statement," in accordance with the defendant's notice, by a time stated, with time also set for an answer by defendant. The plaintiff's statement when received was adjudged insufficient on defendant's motion, and the court ordered the plaintiff to file a new statement supplying the deficiencies asserted by defendant. This procedure was repeated a second and then a third time, with the plaintiff filing a total of three pre-trial statements of at least considerable bulk and the court adjudging each insufficient on the defendant's objection, until eventually the court granted the defendant's motion for preclusion. On February 23, 1961, it entered the preclusion order in the terms requested by the defendant.

The order is sweeping in its mandate. It is based upon specific findings that plaintiff's three successive pre-trial statements "have failed to comply with notices and this Court's prior rulings" and that "plaintiff has been afforded more than ample opportunity to meet the prescribed requirements"; and it orders the defendant's motion to preclude "granted in all respects." It then specifically precludes the plaintiff from offering at trial (1) any evidence of lay witnesses except the plaintiff and his wife; (2) any expert testimony; (3) any exhibits except three named (of a medical nature dealing with plaintiff's alleged treatment some years ago); (4) any evidence of damages, with four exceptions (a hospital and two doctors' bills, plus "pain and suffering"); and (5) any evidence "on the issue of liability in either negligence or breach of warranty." It appears to be conceded, as well as clear, that these preclusions remove all basis for proof by the plaintiff of his claim and that the trial now ordered can have only one outcome, namely, judgment for the defendant.

This case has given us the utmost concern. We realize that to make pre-trial procedure effective appellate interference with trial court discretion must be kept to a minimum; and we are apprised of the devoted efforts of this court to meet a mounting burden of congestion with all weapons it can command, including notably those afforded by F.R. 16. Nevertheless, we do have an overriding re-

sponsibility to see that justice is done between litigants before the court. Gill v. Stolow, 2 Cir., 240 F.2d 669, 670; Syracuse Broadcasting Corp. v. Newhouse, 2 Cir., 271 F.2d 910; Independent Productions Corp. v. Loew's Inc., 2 Cir., 283 F.2d 730; Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255. And it would seem a part of wise judicial economy, if not necessity, to meet that issue now without subjecting the parties and the court to the delay and burden which would be caused by the ultimate reversal clearly indicated. La Buy v. Howes Leather Co., 352 U.S. 249, 259–260, 77 S.Ct. 309, 1 L.Ed.2d 290; 28 U.S.C. § 1651(a). Hence we are constrained to conclude that we must grant the petition for the several reasons we shall now indicate.

First is the anomalous and even self-defeating character of the order itself. It does not in form deny the jury trial sought by the plaintiff, but it does so in substance. While it avoids the clear-cut issue sought by plaintiff in his alternative request for outright dismissal (as a basis for appeal) yet it leaves a trial necessarily abortive in nature. There must be better ways to vindicate pre-trial orders than by superfluous and hopeless trials which can be only burdensome to the litigants and the court.

Second is the drastic nature of the penalty inflicted upon a litigant for what at most is an error or dereliction of his lawyer. It is to be noted that, although the defendant in its answer raised the defense of failure to state a claim for relief, that issue has not yet been considered and appears not ripe for decision; the decision which in practical effect ends the case is explicitly placed upon the lawyer's failure to comply with the court's requirements as to pre-trial. Further, there has here been not so much outright default on counsel's part as a debatably inadequate compliance—an issue in itself of some legal difficulty, as we shall presently indicate. It would seem hardly likely under these circumstances that the lay plaintiff could know or comprehend the doom about to be visited upon him, not his counsel, in time to avert it if, indeed, that were in any way possible.

Finally there is the form and content of the pre-trial procedure adopted here. And here we are constrained to conclude—with reluctance because of the extensive planning below, but with conviction of the need if pre-trial is to retain utility—that the course here followed not only is unauthorized, but is at odds with the purpose and intent of F.R. 16. That rule calls for a *conference* of counsel with the court to *prepare* for, not to avert, trial, leading to an order which shall recite the "agreements made by the parties as to any of the matters considered." It is subordinate and conciliatory, rather than compulsive, in character. Nothing in the rule affords basis for clubbing the parties into admissions they do not willingly make; but it is a way of advancing the trial ultimately to be had by setting forth the points on which the parties are agreed after a conference directed by a trained judge.[1]

■ Here, however, the procedure was a kind of pre-pre-trial pleading—and special pleading at that—before hearing or conference was ever reached. So the successive orders and repleadings correspond to the motions and orders for a more definite statement of old pleading days, with more than a little of the futility therein so usual. Here over a year was consumed without ever getting to the conference stage;[2] and the result un-

1. Nor is this type of written statement prior to pre-trial required by any local rule of court—a rule which, whatever its validity, might have served as a warning to lawyers of the dangers inherent in any deficiencies in disclosure.

2. At a late period in the proceedings there seem to have been held two hearings at which plaintiff's trial counsel did not appear and plaintiff was represented only by associate counsel. This the court criticized in declining to proceed with the hearings. If counsel were in willful or

fortunately has been only delay and confusion, with a considerable commitment of the court to the side of the defense. Not without careful planning were the federal rules designed to eliminate the evils of special pleading, and they should not be brought back under the guise of pre-trial. See the perceptive article: James, The Revival of Bills of Particulars under the Federal Rules, 71 Harv.L. Rev. 1473 (1958). The result is likely to be even more waste motion, with, almost inevitably, some sacrifice of the court's natural position of strict neutrality among litigants.

■ This is shown vividly by the nature of the disclosures sought by the defendant and approved by the court. They were of two kinds: a demand for further particularity in the statement of the claim and a demand for the witnesses and exhibits to be offered by the plaintiff. So on the first point, defendant's original demand, which the judge incorporated in his order, was that the plaintiff state (1) "the facts of this case," identifying those admitted by the parties and those put in issue by the pleadings; (2) "plaintiff's legal theory or theories of recovery"; (3) what facts plaintiff intends to prove in support of each theory; and (4) the details of plaintiff's damage. On the second, the plaintiff was required (5) to list all proposed exhibits; (6) the names and addresses of all expert witnesses, together with their field of specialization and the substance of their testimony; (7) the names and addresses of all lay witnesses and the substance of their testimony; and (8) whether he intended to seek further relief or discovery, and if so, what. And the demand for the pleading of a legal theory became ever more insistent as the proceedings continued, so that at the end the defendant was seeking information as to detailed claims of law enumerated in several typewritten pages. Yet if there is any

characteristic of the federal rules (and indeed of code pleading generally) which is well settled, it is that a plaintiff pleads facts and not law and that the law is to be applied by the court. See, e. g., Gins v. Mauser Plumbing Supply Co., 2 Cir., 148 F.2d 974, 976, and F.R. 54(c). In fact plaintiff did go beyond this to set forth in some detail his theories of negligence and of breach of implied and express warranty. What more was or could be expected of him remains unclear. In any event, the departure here made from the pleading ideals embodied in the Federal Rules of Civil Procedure in the preclusion order against certain legal claims, based on failure to plead specially, is obvious and marked.

■■ The other branch of the preclusion order excluding lay and expert testimony and exhibits which the plaintiff's statement shows to be relevant to the issues appears to be an attempt to shorten what may well be a lengthy trial. The plaintiff, to give himself a wide range of choice, listed what does appear to be an excess of witnesses, particularly of medical witnesses, beyond his practical trial needs, drawing for names on those turned up in a similar trial recently had in the Western District of Pennsylvania. If at trial an excess of witnesses is presented, the trial judge may take steps to expedite the hearing; it may be doubtful if much can be done in advance of trial to that end. Obviously plaintiff cannot be deprived of his rights without trial even if the trial promises to be long and burdensome. At this stage where the evidence is indicated to be relevant, the only useful disclosure would appear to be as to the identity of the witnesses plaintiff plans to call. As a matter of fact the courts have been sharply divided on the question whether a party can be forced to disclose his prospective witnesses in advance of trial, with the majority view apparently in the nega-

negligent default, they should properly have been penalized. M. W. Zack Metal Co. v. The S.S. Birmingham City, 2 Cir., 291 F.2d 451. But the hearings appear to have been for argument as to the suf-

ficiency of the plaintiff's statement, rather than for conference among counsel; and plaintiff's attorney may have been justified in believing this to be an issue which could be committed to an associate.

tive.[3] We are not disposed, however, to rule that a court in a pre-trial conference may not inquire of counsel as to his then plans as to the calling of witnesses, including the hiring of experts. Such a direct inquiry is likely to elicit more specific information than will be found in detailed written statements. But in no event at this pre-trial stage should witnesses be excluded because of mere numbers, without reference to the relevancy of their testimony.

■ While therefore this preclusion order is too broad, we see no reason why the judge, in direct conference with the counsel, rather than by arm's length examination of written statements, cannot evolve a pre-trial order showing points of agreement which will materially shorten the trial. And he has and should exercise the power to see that trial counsel are present to assist him in this task. If they fail in their share of responsibility, there are adequate sanctions which may be applied to compel them. See M. W. Zack Metal Co. v. The S.S. Birmingham City, 2 Cir., 291 F.2d 451.

The benefits to courts and litigants from carefully conducted pre-trial proceedings are now well known and widely acclaimed. But these are not to be achieved automatically; they require the diligent efforts of both court and counsel working in earnest co-operation to a common purpose. For success the leadership, direction, and stimulus of the judge are vital. True, he needs unusual qualities of tact, persistence, and patience to instruct lawyers in trial ways unlike the state practice to which they are accustomed, to still the emotional animosities of counsel who have allowed themselves to become too closely identified with their clients' causes, and generally to lead the parties and their attorneys to the frank and unforced concessions which alone justify the procedure.

If a judge is not prepared to give the time and effort thus required for successful pre-trial, it would seem that he should avail himself of the discretion still accorded him under F.R. 16 of not engaging in the attempt. But if he does undertake it and carry it through in the spirit of the rule, it is, as experience is now continually demonstrating, one of the most rewarding accomplishments to which a federal judge can aspire. He will deserve and receive public plaudits for his efficient dispatch of the public business; but even more, he will receive the grateful thanks of counsel and litigants for better justice more shortly and efficiently obtained. We suggest that with a new start and a fresh determination to co-operate, the parties and the court may well achieve wonders in this very case.

■■ While we thus urge a return to the original purpose of the pre-trial conference, yet it may be desirable out of caution to note what we do not decide. Thus we do not hold that an order of preclusion may never be appropriate; indeed, it is one of the sanctions for discovery orders provided in F.R. 37(b) (2), though its use to preclude an entire case is unusual. Nor do we hold that a district judge may not request a pre-trial memorandum or statement from a party to assist him in formulating a pre-trial order showing the admissions and concessions of the parties and the issues remaining to be tried. But a requirement of successive repleadings to force a plaintiff against his will to limit his case beyond the issues he has tendered in his complaint is contrary to the basic principles of the federal rules. It is too often overlooked that federal pleading is still issue pleading, presenting a definite issue for adjudication; the use of the term "notice pleading"—which was rejected by the rule-makers and

---

3. Thus Professor Moore states that the weight of authority, though not the better rule, is that a party cannot be required to make this disclosure. 4 Moore's Federal Practice 1077–1081 (2d Ed. 1950). See also 2 Barron & Holtzoff, Federal Practice and Procedure 319 (1950). and Proposed Amendments to F.R. 16(4) and 33 in Preliminary Draft of Advisory Committee, May 1954, 13–14, 27–29, not included in the Final Report of October 1955.

never employed by them [4]—is prejudicial to a proper operation of the federal system, since it suggests the absence of all pleadings and the necessity of some substitute by way of pre-pre-trial. And then we run into the situation so usual where special pleading is emphasized that it remains uncertain what is demanded; here after four tries by defense counsel and the court, it is still unclear what it is thought the plaintiff must do to limit the case he has pleaded. The petition must therefore be granted; unless he meanwhile has acted, the judge will be directed, on the going down of our mandate 15 days hence under our rule 28(b), 28 U.S.C.A., to vacate the preclusion order of February 23, 1961.

DAWSON, District Judge (dissenting in part and concurring in part).

I concur in so much of Judge Clark's opinion as grants the motion for a writ of mandamus vacating the preclusion order issued by Chief Judge Bruchhausen and remanding the case to him. I do this because the directions issued by Judge Bruchhausen during the course of pre-trial hearings were not set forth with definiteness and precision and the plaintiff may perhaps have been in doubt as to what he was supposed to do and wherein he failed to comply with the directions of the court. On the point that the preclusion order should be vacated

and the case remanded to Judge Bruchhausen the Court is unanimous.

Where I disagree is with the body of Judge Clark's opinion which purports to limit, not alone in this case but in all other cases, the procedure which a pre-trial may take. Thus Judge Clark seems to indicate that a court may not, in a pre-trial conference, direct the parties to submit written statements setting forth the facts the parties will seek to prove at the trial and the legal theory or theories on which they will attempt to predicate a recovery. In addition, Judge Clark's opinion seems to indicate that failure to comply with the court's directions may not properly be met with a preclusion order.

To accept Judge Clark's theory of pre-trial would put the calendar back a generation, so far as court administration is concerned.[5] This is no time to retrogress in this important field of judicial administration.[6]

Judge Clark has apparently confused pre-trial problems with the problems of pleading. He is still carrying the torch for "notice pleading" as contrasted with more elaborate and particularized pleadings, but that battle is now long over.[7] We are not here concerned with pleadings but with pre-trial statements to be filed long after the pleadings are closed.[8]

---

4. Advisory Committee, Report of Proposed Amendments to the Rules of Civil Procedure for the United States Courts, October 1955, 18–19; Negler v. Admiral Corp., 2 Cir., 248 F.2d 319; 1A Barron & Holtzoff, Federal Practice and Procedure 64–65 (Wright Ed.1960); Clark, Two Decades of the Federal Civil Rules, 58 Col.L.Rev. 435, 450–451 (1958); Clark, Code Pleading 29–30, 163 (1928), 56–57, 240–241 (2d Ed.1947).

5. See remarks of Mr. Justice Brennan in the Seminar on Protracted Cases, 23 F.R.D. 376.

6. The results of a program of intensive pre-trial in the Eastern District of New York, initiated by the Committee on Pretrial Procedure of the Judicial Conference of the United States, are described in an

article in The New York Law Journal of July 18, 1961, at page 1.

7. See Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774; Clark, "Special Pleading In The Big Case," 21 F.R.D. 45.

8. As Professor Moore has stated:
"Under the generalized style of pleading authorized by Rule 8, the pleadings frequently do not define the issues with any degree of sharpness * * * The pre-trial conferences enable the parties, under the mediation of the court, to crystallize these issues and eliminate those which are not really controverted or which use of the deposition and discovery procedure has shown to be without merit." 3 Moore, Federal Practice ¶1115 (2d Ed.).

However, in supporting the cause of notice pleading, Judge Clark himself has said, although briefly, that when details are lacking in a complaint they may be obtained in pre-trial. 21 F.R.D. at page 52. Now he says that they cannot be compelled to be provided in written statements.

But how are the facts and issues to be particularized? The way was well explained by Judge William E. Smith of New Jersey in a seminar for judges conducted jointly by the Committee on Pretrial Procedure of the Judicial Conference of the United States and a panel of federal judges appointed by the Chief Justice of the United States to study the problems of procedure in protracted cases. Judge Smith said (23 F.R.D. 414):

"The success of the initial pretrial conference will depend upon two factors, to wit, adequate preparation and cooperation. A basis for discussion may be laid in advance of the conference if counsel for the litigants are required to file with the Court written preliminary statements in which they shall particularize both the factual and legal issues. These statements should not be made a part of the pleadings. We are of the opinion that oral statements made at the pre-trial conference are inadequate because they do not permit the trial judge to limit the scope of discussion.

"The plaintiff should be required to file with the trial judge a concise but comprehensive statement of the factual issues. This statement should not be couched in the usually verbose language of the complaint; the surplusage frequently found in the complaint should be eliminated. The defendant should be required to file a counterstatement of the factual issues but only if these issues as stated by the plaintiff are disputed. There should be incorporated in each of the preliminary statements a particularization of the legal issues, supported, if feasible, by citations of only the principal authorities. * * * *"

The inference in Judge Clark's opinion is that such procedure is not permissible. This will render pre-trial largely useless. His approach presupposes that we must wait until the trial is in progress before we ascertain what particular facts are in issue and what legal theories are relied upon by the parties.[9]

And what is a judge to do if a party fails to comply with the order of the court to file a preliminary statement? In the instant case, on April 8, 1960, Judge Bruchhausen filed a memorandum pointing out the respects in which the statement submitted by the plaintiff was insufficient. Judge Bruchhausen, after pointing out these defects in the pre-trial statement given by plaintiff, said:

"Unless plaintiff specifically states his position in these respects, defendant cannot properly answer in order for the court to consider simplification of the issues and thereby expedite the trial."

He therefore fixed a date for plaintiff to serve and file a complete pre-trial statement.

A second pre-trial statement was filed by the plaintiff which was equally insufficient.

A hearing was held on December 13, 1960. Plaintiff was ordered to file a new pre-trial statement. A further hearing was held on January 9, 1961, to consider the third pre-trial statement filed by the plaintiff and objections made by the defendant thereto. Prior to that time

9. Mr. Justice Brennan of the United States Supreme Court has said:
"The biggest single obstacle in my judgment to acceptance of this technique [pre-trial] and to full cooperation in making it work, is the old business of playing the cards close to the vest, the way most of us grew up in the handling of litigation for our clients. We did not like the idea of having to put the cards upon the table before putting our witnesses on the stand." 23 F.R.D. 376.

plaintiff's counsel was supposed to file a statement in writing complying with a notice served by the defendant. Judge Bruchhausen ruled at that time (on January 9, 1961) that an offer of plaintiff's counsel for counsel to look at his file "does not seem to meet a specific demand made in writing which called for a reply in writing." Defendant's counsel moved, at this hearing, that unless their demand, which had been served on December 15th was adequately and sufficiently answered by January 16th, a pre-trial order be granted precluding plaintiff from offering any other evidence with respect to which the demands were directed. When it was not answered Judge Bruchhausen granted the application of the defendant.

Judge Clark's opinion would also seem to indicate that a preclusion order should not be entered for failure to comply with directions of the court in the course of pre-trial. However, this Court has held that failure to comply with such an order in a pre-trial proceeding can properly result in a preclusion order. Syracuse Broadcasting Corp. v. Newhouse, 2 Cir., 1959, 271 F.2d 910. So also the Ninth Circuit has held that where plaintiff's attorney failed to disclose a contention at the pre-trial conference, the trial court properly precluded him from offering evidence on the subject at the trial. Walker v. West Coast Fast Freight, Inc., 9 Cir., 1956, 233 F.2d 939.

The preclusion order in this case did, in effect, prevent the plaintiff from presenting any evidence at the trial which could lead to a recovery by the plaintiff. Plaintiff's inattention to the directions of the court may have justified this procedure. I am perfectly willing, however, to give the plaintiff a second try since the directions of Judge Bruchhausen were not made with definiteness and precision. I am not willing to accept the premise that if directions are made with definiteness and precision and then ignored by the plaintiff he may not be precluded from offering evidence at the trial on those issues.