**UNITED STATES of America,**
Libelant-Appellee,

v.

**An Article of Device labeled in part, "FIRMATRON BY NORRUTH,"** etc., Claimant-Appellant.

No. 121, Docket 28242.

United States Court of Appeals Second Circuit.

Argued Oct. 31, 1963.

Decided Nov. 20, 1963.

Jerome J. Londin, New York City, for claimant-appellant.

Martin R. Pollner, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., on the brief), for libelant-appellee.

Before SWAN, CLARK and MARSHALL, Circuit Judges.

PER CURIAM.

In this case the United States of America seeks to condemn for misbranding the claimant's electronic device for removing feminine wrinkles. The advertising language is certainly bombastic; at any rate it seems to have offended the trial judge, who summarily granted a default (which he refused to reopen) for claimant's failure to answer interrogatories and to proceed to the depositions sought of its officers. But even though we may sympathize with the judge's reaction, the claimant was nevertheless entitled to its day in court, which the judge's summary orders denied it.

Here about nine months after the bringing of the action and nearly four months after the claimant had filed its answer of denial, the libelant filed voluminous interrogatories. These were of a truly surprising nature and detail; it is strange that claimant did not move for protective orders to save itself "annoyance, expense, embarrassment, or

oppression." F.R.Civ.P. 33. For they required detailed proof of every possible element of the libelant's case, such as the name, address, and qualifications of each physician, scientist, or lay person who had knowledge or was of the opinion not only that the seized "Firmatron" was effective for its listed purposes, but also was *not* effective for such purposes. The interrogatories formally numbered 39, but many of these consisted of 13 or 14 numbered parts, so that some 150 or more detailed specifications were listed. But claimant did not object, only merely sought time to answer, and was not in default in its times stipulated when on March 15, 1963, it moved for an order extending time to answer the interrogatories until September 30 and to take the depositions of its officers until October 30. This motion the judge heard on March 27 and denied on March 29, even though meanwhile the libelant had filed an affidavit requesting that "the claimant be required to answer the Government's interrogatories within one week after a decision of this Court," and that the claimant's officers "be ordered to have their depositions taken one week thereafter and to continue from day to day until completed." This concession by the Government was apparently overlooked by the judge in declaring *sua sponte* that claimant was in default and refusing thereafter, with some sarcasm, to re-open the default. This was too harsh. Gill v. Stolow, 2 Cir., 240 F.2d 669; Syracuse Broadcasting Corp. v. Newhouse, 2 Cir., 271 F.2d 910, 914; Padovani v. Bruchhausen, 2 Cir., 293 F.2d 546, 548.

The orders are reversed and the action is remanded for the opening of the default.